SEARLES v. THE MILWAUKEE & ST. PAUL RAILWAY Co.

1. Railroad: LIABILITY FOR INJURIES TO STOCK: NEGLIGENCE. A railroad company is liable for injuries to stock caused by its negligence where the plaintiff has contributed to the injury no further than merely permitting his stock to run at large.

2. —— While, under some circumstances, a railroad company would not be guilty of negligence though no whistle was sounded, bell rung, or the speed of the train slackened, on the other hand there are cases in which such omissions would be sufficient to establish negligence.

*Appeal from Howard Circuit Court.*

MONDAY, DECEMBER 18.

ACTION for killing plaintiff's ox, by the alleged carelessness and negligence of the employees of defendant. Defendant admitted the killing of plaintiff's ox, by its freight train, on its road, on a public highway crossing.

Evidence was introduced tending to show that the ox came upon the defendant's road about twenty-five rods in advance of the train and stood still on the track ; that the employees in charge of the train did not blow the whistle, nor ring the bell, nor slacken speed, that there was but one man on the top of the cars, who was sitting down all the time, unconcerned, until the train went out of sight. Jury trial. Verdict and judgment for plaintiff

for $60. Defendant appeals. The further necessary facts are stated in the opinion.

*Noble, Hatch & Frese* and *T. Updegraff* for the appellant.

*D. O. Preston* and *Henry Widner* for the appellee.

DAY, J.— I. The defendant assigns as error the refusal of the court to give the following instructions:

" 1. If you find from the evidence, that the train, at the time the accident occurred, was running upon its usual track, upon its usual speed, then the defendant is not liable."

" 2. Railroad trains, when cattle are on the track, are not required to slacken their speed, or to make signals by blowing the whistle or ringing the bell at road crossings, or places where the road has not a right to fence."

These instructions are entirely at variance with the uniform course of judicial decision in this State, and were properly refused. It was held at a very early period in the judicial history of this State that the mere fact of permitting cattle to go at large is not a ground of imputing negligence to the owner. *Wagner* v. *Bissell*, 3 Iowa, 396; *Heath* v. *Coltenback*, 5 id. 490; *Alger* v. *The Mississippi and Missouri Railway Co.*; 10 id. 268. A railway company is liable for injuries resulting from the careless or negligent management of its trains, where the injured party does not by his own negligence contribute to the injury. It is a corollary of these two propositions, that a railway company must respond in damages for injuries to stock through its negligence, where the owner has contributed to the injury no further than merely permitting it to run at large.

And so it has frequently been held. *Alger* v. *The M. & M. Railway Co.*, 10 Iowa, 268; *Balcom* v. *The*

*Dubuque & Sioux City Railway Co.*, 21 id. 102; *Whitbeck* v. *The Dubuque & Pacific Railway Co.*, id. 103.

The first instruction assumes either that a railroad company is under no obligation to exercise any care to avoid injuring stock on its road where it has no right to fence, or that there can be no negligence if the train is "running upon its usual track at its usual speed." The first assumption we have already shown to be in conflict with prior adjudications. The second is equally erroneous. It is incumbent on the company, under the circumstances named, to exercise ordinary care. This involves the doing of every thing which a person of ordinary prudence and care would do under like circumstances. It is evident that this rule would sometimes require those in charge of a train moving even at its usual rate of speed to blow the whistle or ring the bell, or even to slacken speed, in order to avoid injury to stock upon the track. It cannot, therefore, be laid down as a general rule that there can be no negligence when a train is moving at its usual speed.

The second instruction is vulnerable to the same objections. It is true that, under some circumstances, a train is not required to slacken speed, or ring a bell, or blow a whistle, as, for instance, where the speed could not be slackened without danger to the train, and where the ringing of a bell or the blowing of a whistle would be likely to do no good. See *Flattes* v. *Chicago, Rock Island and Pacific Railway Company*, *ante*, p. 191. And yet there are circumstances under which the exercise of ordinary care would require those in charge of the train not only to ring the bell or blow the whistle, but also to slacken speed.

II. It is further urged that the court erred in instructing the jury as follows:

"The defendant is bound to exercise ordinary care and diligence when approaching crossings, and when cattle are on the track to use the means ordinarily used by first-class

railroad companies to prevent a collision." There is certainly no error in the instruction as applied to the facts of this case. Whatever negligence was proven consisted in the failure to slacken speed, or ring a bell, or blow a whistle. These things all companies alike have facilities for doing. The instruction simply requires that, in respect to these things, the defendant should act as first-class companies usually do. It is only another form of expressing the obligation to exercise ordinary care.

III. Lastly, it is urged that the evidence does not sustain the verdict. The case is the usual one of a conflict of testimony. Five witnesses on behalf of plaintiff testify that the train did not whistle nor slacken speed; four employees on the train testify that it did both.

Under such circumstances we cannot interfere without ignoring every case that has heretofore been decided respecting the effect of the verdict of a jury.

Affirmed.