TREDWAY v. THE S. C. & ST. P. R. Co.

43 527
h110 285
43 527
128 462

1. **Constitutional Law:** CONSTRUCTION OF STATUTE. The statute imposing upon railway companies double damages for the killing of stock at points where they have the right to fence and fail to do so, is not in conflict with the Fourteenth Amendment to the Constitution of the United States, guaranteeing to all the equal protection of the laws.

2. **Railroads:** FENCES. A railway company is liable for injuries resulting from a failure to fence its track, in the manner required by statute, unless it be inclosed with fence upon both sides, and the fact that it is fenced upon one side is no defense to an action for damages for the killing of stock.

*Appeal from Woodbury District Court.*

WEDNESDAY, JUNE 14.

ACTION to recover under the statute double the value of a cow killed by a train of cars upon defendant's road at a point where it was not fenced, and where defendant had the right to fence. The cause was submitted to the court without a jury, and upon a finding of facts judgment was rendered for plaintiff in double the value of the animal killed. Defendant appeals. The cause has before been in this court. See 39 Iowa, 663.

*J. H. Swan* and *Joy & Wright,* for appellant.

*Tredway & Cleland* and *S. M. Marsh,* for appellee.

BECK, J.—The questions involved in the case may be most conveniently considered in the order we find them discussed in the argument of defendant's counsel.

I. It is first urged that the statute under which recovery is authorized to the extent of double the value of the live stock destroyed by railroad trains at points where the roads are not fenced and the right to fence exists, is in conflict with section one of the Fourteenth Amendment to the Constitution of the United States, which forbids a state to "deny to any person

1. CONSTITU-
TION \L law:
construction
of statute :
double dama-
ges.

within its jurisdiction the equal protection of its laws." The State statute which provides for the recovery of double damages for the injury to animals denominated therein "live stock," under the circumstances above indicated, counsel argues, is in contravention of the provision of the Constitution just quoted.

Waiving the consideration of the question which is raised by plaintiff's counsel, whether corporations of the character of defendant are within the terms of the provision, we reach the conclusion that it does not forbid the imposition of forfeitures, penalties, or liabilities of the character imposed in the statute.

The policy of the statute is to induce and stimulate the fencing of railroads for the protection of live stock from destruction by trains used thereon. This is done by imposing a liability in the form of double damages for injuries sustained on account of the neglect to erect fences. This method of enforcing a legal duty, or the performance of an act not in terms required by law, pertains directly to the remedy for an injury resulting from a neglect of the duty or failure to perform the act. It is within the authority of the State to provide remedies for all injuries.

The history of the constitutional provision, as well as its language, teach us that its object is to secure to all "*equal protection of the law.*" We fail to discern in what respect this *equal protection* has been, by the statute, withdrawn from defendant. The liability of railroads and the protection to the citizens provided for by the statute extend equally to all in every case where the injury for which a remedy is provided is done and suffered. There is no inequality in this operation of the statutes. If citizens generally are not liable under its provisions, it is because in this State railroads are generally, if not always, operated by corporations. The law applies to *all* corporations operating railroads.

II. Counsel claim the finding of the court, that defendant's railroad was not fenced, is in conflict with the evidence. We think differently.

The company had fenced the road on the east side; the

west was not fenced. The plaintiff's cow, prior to its injury, was kept in a field on the east side of the railroad, the fence erected by defendant making part of the enclosure. Defendants claim that the evidence establishes the fact to be that the animal escaped from the field by reason of the railroad fence being partly blown down by a storm occurring a day or two before the accident. Let this be admitted. The cow, after escaping from the inclosure, was then running at large in contemplation of the statute under which the action is brought, and if the railroad was not fenced the defendant is liable. *Hinman v. C. R. I. & P. R. Co.*, 28 Iowa, 491; *Fritz v. M. & St. P. R. Co.*, 34 Iowa, 337.

2. RAILROADS: fences.

The existence of a fence upon one side of the road does not exempt defendant from liability. The road is not fenced in contemplation of the law unless fences be erected upon both sides.

All other findings of fact by the court below, we think, find sufficient support in the evidence.

III. After the court had announced the findings of fact, the defendant requested findings upon certain specified questions, intending to show the construction of the fence by the defendant or its lessor, another railroad corporation above mentioned; the point at which the cow came on the track and was injured; where she had before been kept; whether there was any defect in defendant's fence, and the cause thereof; what injuries the cow sustained after she was struck by the cars, and other matters of like character.

The court found and so reported that the railroad was not fenced; that the cow was at the time running at large, and that the injuries she received from defendant's train caused her death the day following the accident. It will be readily seen that the findings sought by defendant are either covered by those rendered by the court, or are immaterial in the view of the law above announced, as the facts sought to be established thereby afford no defense to the action.

The consideration we have given the case disposes of all points made against the sufficiency of the judgment. It is therefore        AFFIRMED.