FLETCHER v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, *Appellant.*

**Railroad Fences.**  If a railroad company whose road runs through an inclosed field fails to fence the sides of its road as required by the statute, (Acts 1875, pp 131, 132; R. S. 1879, § 809,) the owner of the field may erect a fence along either side of the road, and will then be entitled under the statute to recover from the company the value of the fence so erected, without fencing the other side also.

Fletcher v. The St. Louis, Kansas City & Northern Railway Company.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Wells H. Blodgett* and *Prosser Ray* for appellant.

HENRY, J.—The defendant failed to fence the sides of its road which runs through an inclosed field of 160 acres in Adair county, owned by plaintiff, who, in 1877, under the act of February, 1875, (Sess. Acts, p. 131,) built a fence through the field on one side of the railroad, and brought this suit to recover its value. He obtained a judgment, from which defendant has appealed, and contends that plaintiff cannot recover until he has built the fence required by the act, on both sides of the road through the field, and the argument is, that the primary object of the statute is to protect the traveling public, and that when the State, in the exercise of its police power, imposes a duty on one person, and provides that, in default of his performance, another may perform it, and recover the value of the work or the penalty, the latter can maintain no action, until he has performed all that the statute required of the other. It may be conceded that one object of the statute was to protect the traveling public, but another and important object was to secure to the owner of the field as free a use of his land as possible with the road running through it. The statutory duty of the company to fence " is one and indivisible, and not susceptible of apportionment," and the owner could not build any number of pannels of fence on one or both sides of the road, short of its entire length through his field, and recover; but a fence the whole length of the road on one side, protects the live stock grazing in the field from destruction by trains of cars, and is to that extent a protection to the traveling public against the stock the owner may graze on the part of his field thus cut off from the railroad. If the railroad divided a field, on one

side owned by one party, and on the other by another, either would have a right to erect a fence along the side of the road on his land, and recover, without having to wait until the proprietor on the other side had built his fence. This proposition will not be seriously controverted, nor will the doctrine announced by this court in *Walther v. Pacific R. R. Co.*, 55 Mo. 277, and in *Tredway v. S. C. & St. P. R. R. Co.*, 43 Iowa 527, that if the company build a fence on one side of the road which forms a boundary between co-terminus proprietors, and not on the other, and stock be killed on the road at that point, it cannot successfully defend against the penalties provided for in the act. Yet it does not result from that doctrine that the erection of a fence on both sides of the road is a single indivisible duty, so far as proprietors of the land through which the road runs are concerned. The statute (Wag. Stat., § 43, p. 310) requires the company to fence on both sides, and imposes a liability upon it for double the amount of damages which shall be done by its engines, etc., to any stock on said road, or by reason of any stock escaping from or coming upon said fields, etc., occasioned in either case by the failure to fence, etc. "The policy of the statute is to induce and stimulate the fencing of the railroads for the protection of live stock from destruction by trains used thereon." *Tredway v. S. C. & St. P. R. R. Co.*, *supra*. A penalty is imposed upon the company in order to compel the performance of the duty required. That provision, however, which permits the proprietor to fence and recover the value of the fence from the company, is for the benefit of the owner of the land. It is not penal in its character. It permits a recovery only for the value of the fence, and should be liberally construed. The judgment is affirmed. All concur, except RAY, J., not sitting.