## GODDARD vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*February 15 — March 14, 1882.*

COURT AND JURY.    *Question of negligence improperly submitted.*

Defendant's fence between its track and plaintiff's pasture was swept away by a flood, which was at its height about eight days before plaintiff's horses were injured on said track. During the three days immediately preceding the injury, the water along the line of the fence had fallen at the rate of nearly eight inches each day; and at the time of the injury it had not subsided so as to leave the entire line of the fence at the place in question uncovered. The jury found that a new fence might have been properly and reasonably constructed two days before the injury. *Held*, that the court erred in submitting to them the question whether the defendant company was negligent in neglecting to rebuild the fence.

APPEAL from the Circuit Court for La Crosse County.

Action for the killing of plaintiff's horses by a train of cars belonging to and run by the defendant on the Green Bay & Minnesota railroad. The complaint alleges that the horses had strayed upon said road by reason of the failure of the Green Bay & Minnesota Railway Company, and of the defendant, to build and maintain good and sufficient fences, as by law required, on both sides of said railroad; and it also alleges negligence in running the train. The answer denied negligence on the part of the company, and alleged negligence on plaintiff's part. There was a verdict for the plaintiff; a new trial was refused; and defendant appealed from a judgment on the verdict.

The only alleged error passed upon by this court will sufficiently appear from the opinion.

Wm. F. Vilas, for the appellant.

Benjamin F. Bryant, for the respondent.

COLE, C. J. Assuming, as we shall do without discussion, that the statute imposed upon the defendant corporation the duty of maintaining a proper fence along the road where the horses escaped onto the track, we still think there was no sufficient evidence showing that it had been guilty of negligence in the discharge of that duty. It is an admitted fact — indeed, the jury so find — that there had once been a sufficient fence between the plaintiff's land and the railroad track; but this fence had been thrown down or destroyed by the unusual flood which occurred in June of the season the horses were injured. It was conclusively proven, by the evidence on both sides, that the high water flooded all of the low lands in that vicinity, especially the eastern part of the plaintiff's enclosure, where the horses were being depastured. In fact, it appeared that the water was so high as to completely cover the fence between that enclosure and the railroad track in some places. As a consequence, the fence along the track at that point was

Goddard vs. The Chicago & Northwestern R'y Co.

thrown down or washed away. There is really no dispute about these facts. It is not claimed that the defendant, by the exercise of any reasonable care, could have guarded its fences against the effects of such an extraordinary flood. But as affecting its liability one question was, whether it had negligently omitted to repair or rebuild the fence after the flood had subsided. This seems to have been the only ground of negligence which was relied on, upon the trial, to sustain the action.

In answer to certain questions which were submitted by the circuit court, the jury found that the flood was at its height about eight days before the horses were injured, and that at the time they were injured the flood had not subsided so as to leave the entire line of the fence between the plaintiff's land and the railroad uncovered by water. And in answer to the sixth question — whether a fence could have been properly and reasonably constructed, in place of that destroyed by the flood, before the injury, and if so how long before,— the jury said : "Yes; two days." The horses were injured some time during the night of the 27th of June. It appears from the evidence that the water began to fall June 20th, and from that day to to the 28th, both days inclusive, had fallen four feet and nine inches. On the 25th it fell eight inches; on the 26th, eight; and on the 27th, seven. Now, upon these undisputed facts, and in view of the finding of the jury, it seems to us impossible to impute actionable negligence to the defendant by reason of its failure to rebuild the fence before the accident happened.

The defendant, of course, was entitled to a reasonable time after notice of the destruction of the fence, and after the water had subsided, to rebuild it. It could not reasonably be expected that the defendant would go to work to replace the fence before the water had subsided and the ground had become sufficiently dry to sustain the posts. It was conclusively shown that the water fell nearly two feet the last three days

before the horses escaped from the enclosure onto the track, and then it had not receded from the entire line of the division fence, as found by the jury. It seems to us the court should, as a matter of law, have held that there was not sufficient evidence of negligence on the part of the defendant to warrant a recovery. It is true, in the charge the learned circuit court directed the jury that whether the defendant had failed to exercise ordinary care and diligence in rebuilding the fence must be determined from all the facts and circumstances surrounding the transaction, and that the defendant would not be liable unless it had neglected or failed to rebuild the fence within a reasonable time after notice of its destruction. In view of the undisputed facts, the court should have held that there was no evidence of negligence on the part of the defendant which should be submitted to the jury.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.