NELS JOHNSON *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

October 12, 1882.

**Fencing Railroads— Contributory Negligence of Adjoining Land Owner—Question for Jury.**—It is settled in this state that, in actions against railroad companies for negligence in failing to erect or maintain fences, under the statute, contributory negligence on the part of plaintiff is a defence.  The question is ordinarily one of mixed law and fact, to be submitted to the jury, and, unless the fact of its existence conclusively appear, it must be so submitted.

**Contributory Negligence—Not Shown in This Case.**—Facts which may tend to establish such contributory negligence considered.  In this case, *held,* that evidence that the plaintiff suffered the animal in question to run at large in his pasture as usual, after previous notice that it had at several times passed through the railroad fence adjoining, which was defective and insufficient, and through which it finally escaped upon the track and was killed, does not alone establish such contributory negligence in law.

**Constitution—Extra Costs in Certain Actions not Unequal or Partial Legislation.**—Gen. St. 1878, *c.* 34, § 56, which provides an extra allowance of $10 in justice's court, and double costs in the district court, in case of recovery in this class of actions, (except in cases of a previous and

sufficient tender by the defendant corporation,) is not unconstitutional, but is a legitimate exercise of legislative discretion. This legislation is not liable to the objection that it is unequal or partial legislation, for the reason that it is applicable to all railroad corporations in the state, and to all plaintiffs claiming damages for cattle killed through their negligence.

Plaintiff brought this action in a justice court, to recover the value of a calf, alleged to have been negligently killed by the defendant on its track. The justice rendered judgment against defendant, and added $10, extra costs, under Gen. St. 1878, c. 34, § 56. Defendant appealed to the district court for Fillmore county, on questions of law alone, where the judgment of the justice was affirmed by *Farmer*, J., who, however, struck out the $10, extra costs, allowed by the justice, as being unconstitutional. Defendant appeals from the judgment of affirmance, and plaintiff from the order striking out the costs.

The evidence introduced before the justice was substantially the following: Plaintiff testified that the railroad crossed his lands; that he found one of his calves hurt near the railroad track; that there is a wire fence on each side of the track, built by defendant, and made of three barbed wires, the lowest wire being about sixteen inches, and the highest about four and a half feet from the ground, and the wires hang loosely; that he had himself taken the fence down to drive his cattle to pasture, though not at the place where the calf was killed as shown by the tracks of the animal; that the calf had gone through the fence three or four times, and he had seen it going through; and that, before he took the fence down, it sagged so that he could press two wires together. Two other witnesses testified, in behalf of plaintiff, as to the condition of the fence, that the wires were so loose that they could be lifted three and a half feet from the ground, that they had seen cattle going through the fence, and that there were no stretchers on the wires, or other means of tightening or loosening them. On behalf of defendant, certain witnesses testified that the fence had been well constructed about a year previously, that it appeared at the time of the killing of the calf to be in good condition, and that they had seen plaintiff driving his cattle across the track.

*Cameron, Losey & Bunn,* for defendant.

This court has settled that contributory negligence of plaintiff is a defence to these actions, (*Donaldson* v. *Mil. & St. P. Ry. Co.,* 21 Minn. 297,) and in the present case the plaintiff himself has testified to such a degree of negligence on his part as will prevent a recovery. *Fritz* v. *First Div., etc., R. Co.,* 22 Minn. 404; *Whittier* v. *Chic., Mil. & St. P. Ry. Co.,* 24 Minn. 394; *Gillam* v. *Sioux City & St. P. R. Co.,* 26 Minn. 270; *Schubert* v. *Minn. & St. L. Ry. Co.,* 27 Minn. 360; *Antisdel* v. *Chic. & N. W. Ry. Co.,* 26 Wis. 145; *Pitzner* v. *Shinnick,* 39 Wis. 129; *Jones* v. *Sheboygan & F. R. Co.,* 42 Wis. 306; *Curry* v. *Chic. & N. W. Ry. Co.,* 43 Wis. 665; *Lawrence* v. *Mil., L. S. & W. Ry. Co.,* 42 Wis. 322.

Gen. St. 1878, *c.* 34, § 56, is unconstitutional, as it violates section two of article one of the constitution of Minnesota, and section one of the fourteenth amendment to the constitution of the United States. It is not the law of the land, and is special and partial. It will be noted that it is the imposition of a penalty upon railroad companies, not for a failure to fence their roads, (*Kansas Pac. Ry. Co.* v. *Mower,* 16 Kan. 573; *Tredway* v. *S. C. & St. P. R. Co.,* 43 Iowa, 527,) but for being defeated in every action instituted for killing or injuring. No similar advantage is given the defendant in case of success. It is an invidious tax upon a special class of corporations—railroad companies. Cooley on Const. Lim. 353, 357; *Sanborn* v. *Com'rs of Rice Co.,* 9 Minn. 258, (273;) *Baker* v. *Kelley,* 11 Minn. 358, (480;) *State* v. *Becht,* 23 Minn. 411; *Bay City & E. S. R. Co.* v. *Austin,* 21 Mich. 390, 410; *Mad. & Ind. R. Co.* v. *Whiteneck,* 8 Ind. 217; *Atchison & Neb. R. Co.* v. *Baty,* 6 Neb. 40; *Osburn* v. *Hart,* 24 Wis. 89.

A fine or penalty of this nature should only be imposed in a criminal action. The only exception recognized to this rule is the allowance of punitory damages for malice, wilfulness or wantonness in the particular case. Cooley on Const. Lim. 356. It is not justifiable in this statute, as it is imposed in every case, although the defendant may have the most cogent and justifiable reasons for defence, and be entirely free from any wrongful motive. *Seeman* v. *Feeney,* 19 Minn. 79; *McCarthy* v. *Niskern,* 22 Minn. 90; *Fay* v. *Parker,* 53 N. H.

342; *Albrecht* v. *Walker*, 73 Ill. 69; *Brown* v. *Swineford*, 44 Wis. 282; 7 South. Law. Rev. (N. S.) 675, 871.

Such special and partial legislation is similar to special exemption laws, and the suspension of limitation laws in certain cases, all of which have been held void. *Holden* v. *James*, 11 Mass. 396; *Pearson* v. *Portland*, 69 Me. 278; *Bank of the State* v. *Cooper*, 2 Yerg. 599; *Bull* v. *Conroe*, 13 Wis. 233; *Durkee* v. *City of Janesville*, 28 Wis. 464; *In re Ah Fong*, 3 Saw. 144; *Ah Kow* v. *Nunan*, 5 Saw. 552; *In re Parrott*, 1 Fed. Rep. 481; *In re Ah Chong*, 2 Fed. Rep. 733; Cooley on Const. Lim. 392.

*Berg & Rockwell*, for plaintiff.

VANDERBURGH, J.* The plaintiff recovered judgment before a justice of the peace for the value of a domestic animal killed upon defendant's railroad track, and was allowed by the justice $10, extra costs, as provided in such cases by Gen. St. 1878, c. 34, § 56. On appeal, the district court affirmed the judgment for damages, but disallowed this item of costs. The defendants appeal from the judgment, and the plaintiff also appeals and complains of the decision and order of the court disallowing the costs. These appeals were heard together.

I. The defendants contend that the finding upon the merits was unsupported by evidence sufficient to sustain the charge of negligence on their part in failing to maintain their fences, and also that it discloses contributory negligence on plaintiff's part, which, as matter of law, should defeat his action.

(1) It is settled in this state that contributory negligence in this class of actions on the part of plaintiff, is a defence. *Whittier* v. *Chic., Mil. & St. P. Ry. Co.*, 24 Minn. 394; *Fleming* v. *St. Paul & D. R. Co.*, 27 Minn. 111. It is considered that the statute has declared the liability in such cases, subject to the general rule of law applicable in actions for negligence, the application of which is also eminently proper, having respect to the safety of railway trains. *Curry* v. *Chic. & N. W. Ry. Co.*, 43 Wis. 665.

(2) It is not practicable to lay down a general rule defining contributory negligence in such cases. From the nature of the

*Mitchell, J., being absent at the argument, took no part in this case.

case, under varying circumstances, it is ordinarily a question of mixed law and fact for the jury. *Schubert* v. *Minn. & St. L. Ry. Co.*, 27 Minn. 360; *Curry* v. *Chic. & N. W. Ry. Co.*, 43 Wis. 685–6. And, unless the evidence conclusively establish the fact, it must be so submitted. The fact that cattle are pastured upon land adjoining a railroad, and have previously, at divers times, passed through or over a defective or insufficient fence upon or across the track, is proper to go to the jury upon the question, but is not alone sufficient as matter of law, because this may naturally result from the lawful right of the owner to use and pasture his land, and which he may reasonably do, on the assumption that if the corporation has neglected to make or keep up a lawful fence, it will run its trains with due care with reference to that fact. *Rogers* v. *Newburyport R. Co.*, 1 Allen, 16; *Schubert* v. *Minn. & St. L. Ry. Co.*, 27 Minn. 360.

(3) Some of the cases reported serve to illustrate the kind of evidence by which such contributory negligence may be established. For example, it may appear from the owner's imprudence or carelessness in driving his animals across the track; in his having assumed the burden of keeping up the fence; in turning out cattle known to be breachy; from leaving open a gate or bars next the track; in exposing them at unreasonable times or in an unusual manner; or in turning them out where a lawful fence previously built had suddenly been prostrated by a storm, (or had been removed or left down by a stranger,) and before sufficient time had elapsed to repair the same. In the last instance, however, there would also be wanting the element of negligence on the part of the company. *Robinson* v. *Grand Trunk Ry. Co.*, 32 Mich. 322; *Jones* v. *Cheboygan & Fond du Lac R. Co.*, 42 Wis. 306; *Aylesworth* v. *Chicago, etc., R. Co.*, 30 Iowa, 459; *Whittier* v. *Chic., Mil. & St. P. Ry. Co.*, 24 Minn. 394; *Goddard* v. *Chic. & N. W. Ry. Co.*, 54 Wis. 548; *Klatt* v. *City of Milwaukee*, 53 Wis. 196.

In this case defendant corporation had previously built a wire fence along its right of way through plaintiff's land, but which, as the evidence tends to prove, had been for some considerable time out of repair, so that cattle could and had frequently passed through it. The

animal killed in this instance had, it appears, so passed through, which fact having been known to the plaintiff, the defendant claims is evidence of contributory negligence which should defeat his re-covery. The facts upon which defendant relies to establish this de-fence, at the same time prove the condition of the fence to be such that it must have been out of repair for a sufficient length of time to constitute proper evidence of the negligence of the company. The questions of defendant's negligence, and plaintiff's contributory neg-ligence, were both for the jury. There must be something more than the facts disclosed here to warrant the court in holding, as matter of law, that there was contributory negligence in this case; some further act or omission on plaintiff's part, or something additional of a special or exceptional character in the circumstances of the case.

II. It is contended that the provisions of section 56, allowing extra costs in this class of actions, is unconstitutional, on the ground that it is discriminating and partial legislation, and denies to the defendant the equal protection of the laws. The allowance and regulation, by the statute, of costs in any particular class of actions is a matter properly within the reasonable discretion of the legislature. At the common law no costs were allowed *eo nomine*, but in actions where the plaintiff recov-ered damages, the jury were allowed to include his expenses, though the defendant, in case he prevailed, had no indemnity for his. Bouv. Law. Dict. tit. "Costs;" 3 Bl. Com. 399. At an early day the mat-ter became a subject of legislative enactment. The chief purpose of the allowance of costs is compensation or indemnity for expenses in-curred in enforcing a legal, or resisting an illegal, claim, though in some cases the legislature are also influenced by considerations of pub-lic policy. The right of the legislature to regulate the practice and proceedings of suitors in the tribunals of the state, including such reasonable regulations as to the adjustment of costs and expenses be-tween the parties as may best promote the ends of justice and the public good, has been too long exercised and established to be ques-tioned.

The principle that governs the allowance of costs does not require that they should be uniform in all actions, nor the same to each of the litigants in an action; and so double or extra costs are sometimes

allowed to plaintiffs or defendants, as the case may be, because deemed proper from the nature and circumstances of certain species of litigation; in England, for example, in favor of public officers, and in favor of the defendants in certain actions of ejectment.     2 Tidd, Pr. 988.     So in New York, double-costs are allowed in actions against public officers, and, in the case of officers of the militia, treble costs. 3 Wait, Pr. 490.     The object is the protection of the officer against harassing suits, and compensation for his expenses.     *McFarland* v. *Crary*, 6 Wend. 297.     And by section 308 of the New York Code, a special additional allowance is made to plaintiffs (only) in actions to foreclose mortgages, or in which an attachment has been issued, etc. Of the propriety and justice of such enactments, within reasonable limits, the legislature must judge.

We do not think that the statute in this case is beyond the legislative authority.     Accidents from the presence of domestic animals upon railroad tracks are liable to be more or less frequent, resulting in serious damage to owners of stock, and constituting a constant source of danger to railroad trains and passengers.     Aside from the question of such conduct or negligence on the part of the owners of such animals as would defeat actions for damages in such cases, (thus serving to check negligence in that direction,) this danger can most effectually be guarded against by maintaining sufficient railway fences and cattle guards, and by the careful management of railway trains.     It may be presumed that the legal liability for damages suffered in such cases reasonably tends to effect this result;—which might, however, be in a great measure defeated, if the litigation to recover such damages were made so expensive, difficult, or tedious as to discourage the proper actions therefor.     The amount in controversy in such cases is usually not large, and might naturally, in the case of contested suits, be largely consumed in the expenses of litigation.     The legislature have therefore, in their judgment, deemed it proper to allow additional costs to plaintiffs, in case of recovery, in this class of cases.

This legislation is not liable to the objection that it is unequal or partial because confined to one species of litigation, for the reason that it is applicable alike to all railroad corporations in the state,

and to all plaintiffs claiming damages for cattle killed or injured through their negligence, as the statute provides. The grants of railway franchises in this state are wholly to corporations, either by special charters or under the general law. It is not questioned that such corporations own and manage all the railroads of the state. There is therefore no unlawful discrimination against them. "If," says Mr. Cooley, "the laws be otherwise unobjectionable, all that can be required in these cases is that they be general in their application to the class or locality to which they apply; and they are then public in character, and of their propriety and policy the legislature must judge." Cooley on Const. Lim. 390; *Jones* v. *Galena & C. U. R. Co.*, 16 Iowa, 6; *Tredway* v. *S. C. & St. P. R. Co.*, 43 Iowa, 527; *Cairo & St. L. R. Co.* v. *Warrington*, 92 Ill. 157.

As affects the defendant's appeal the judgment is affirmed. As to the appeal of the plaintiff the judgment is directed to be modified in conformity with this opinion. The case is remanded to the district court, with directions to allow the disputed item of $10, costs, and include the same in the judgment.