O. A. WATIER *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY
COMPANY.

August 13, 1883.

Railroad Companies—Statutory Duty to Fence—Estrays.—The provis-
ions of the statute requiring railway companies in this state to maintain
suitable fences and cattle-guards along their lines of road, impose upon
them the duty to fence against cattle, horses, etc., generally, making
them liable to all persons who suffer damage by reason of their neglect or
failure so to do.   No exemption from liability is intended in the case of
estrays or animals merely trespassing, though such exemption is implied
where the fault or negligence of their owners contributes to the injury.
*Gillam* v. *Sioux City & St. P. R. Co.*, 26 Minn. 268, followed.

Same—Cattle Unlawfully running at Large—Contributory Negligence.
In view of the obligation imposed by the statute, it is not considered
that merely permitting animals to run at large in violation of a special
law prohibiting it in certain towns, and making their owners liable for
trespasses by them, constitutes such contributory negligence.   To estab-
lish contributory negligence in such cases there must be some act or
omission of the owner, or his agent, proximately affecting the question
of the exposure of animals to danger, or contributing to the accident.
*Locke* v. *First Div., etc., R. Co.*, 15 Minn. 283, (350,) distinguished.

Appeal by plaintiff from an order of the municipal court of Still-
water, refusing a new trial.

*J. C. Nethaway*, for appellant.

*C. L. Catlin*, for respondent, cited *Locke* v. *First Div., etc., R. Co.*;
15 Minn. 283, (350;) *Witherell* v. *Mil. & St. P. Ry. Co.*, 24 Minn.
410; *Whittier* v. *Chic., Mil. & St. P. Ry. Co.*, 24 Minn. 394; *Johnson*
v. *Chic., Mil. & St. P. Ry. Co.*, 29 Minn. 425; *Varco* v. *Chic., Mil. &
St. P. Ry. Co.*, 30 Minn. 18.

VANDERBURGH, J.   The plaintiff's horse was turned loose in the
city of Stillwater, whence it escaped into the town of Baytown, sev-
eral miles distant, where it entered defendant's right of way through
a defective or open fence, which defendant had neglected to keep up,
and was killed by a passing train.   The evidence established defend-
ant's negligence, under the statute, in failing to maintain the fence;

but the action was dismissed by the trial court, on the ground that the animal was at the time unlawfully at large in violation of Sp. Laws 1881, c. 307. This act makes it unlawful for any person to allow his domestic animals to run at large upon the highways or lands of other persons in the towns of Stillwater and Baytown, and makes all persons violating its provisions liable for all damages that may occur in consequence of the trespass of such animals.

This is substantially declaratory of the common-law rule which prevails in this state, except in so far as it is abrogated by special legislation or municipal ordinances. Under this statute, as at the common law, a remedy is provided in favor of persons suffering damages from trespassing cattle, and land-owners are obliged to care for their own stock, but are not required to fence against their neighbors' cattle. 3 Kent, Comm. *439. Hence, they are not obliged to fence along the highways, and the provision in this act as respects highways is intended for the protection of the inhabitants from trespassing cattle, but was not intended to qualify the obligations of railroad companies, under the general law requiring them to maintain suitable fences and cattle-guards.

In the case of *Locke* v. *First Div., etc., R. Co.*, 15 Minn. 283, (350,) and *Witherell* v. *Mil. & St. P. Ry. Co.*, 24 Minn. 410, the question involved was the alleged negligent management of the defendant's trains, and had no reference whatever to the liabilities arising from the statutes obliging railway companies to build and maintain fences.

In *Devine* v. *St. Paul & S. C. R. Co.*, 22 Minn. 8, it was held, under the special charter of the defendant in that case, that it was bound to fence through improved lands only, and, as a consequence, liable to the owners or occupants of such lands only. Such legislation afforded, as it would seem, inadequate protection to stock-owners and for the safety of railway passengers, and the legislature, therefore, have made the law general in its application. Gen. St. 1878, c. 34, §§ 54–57.

Under the present statute, it is the duty of railway companies to maintain fences and cattle-guards, not only as respects cattle of adjoining owners, but all domestic animals, whether trespassing or otherwise. It was within the province of the legislature to create

such obligation and impose the liability, and we believe such to have been its purpose in enacting the present law. It was doubtless influenced largely by public considerations, and it was intended to make the law uniform in its operation, without regard to the fact whether the lands traversed by the lines of road were improved or unimproved, and irrespective of the regulations which might prevail in the different towns or counties as respects cattle running at large.

Substantially the same question involved in this case was determined in the case of *Gillam* v. *Sioux City & St. P. R. Co.*, 26 Minn. 268, in which it appeared that the animal injured was trespassing upon defendant's land, whence it passed to the railroad track, and the liability of the defendant company was distinctly affirmed, as created and defined by the statute in question. The statute as it now stands, therefore, introduces a new rule of liability. Before its enactment, railway companies stood on the same footing as other land-owners, and cattle coming upon their right of way were subject to the same rules as applied to other lands. But, by the provisions of the statute in question, the legislature have imposed an absolute and affirmative duty upon them to fence against cattle generally, making them liable to all persons who suffer damage by reason of their neglect or failure so to do. There is no exemption from liability in the case of estrays or animals merely trespassing, though it is of course implied where the fault or negligence of their owners contributes to the injury. *Fawcett* v. *York & N. M. Ry. Co.*, 2 Eng. Law & Eq. 289, 295; *Purdy* v. *New York & N. H. R. Co.*, 61 N. Y. 353; *Crawford* v. *N. Y. C. & H. R. R. Co.*, 18 Hun. 108. In the last case the owner was permitted to recover, though his cow, when killed, was at large in violation of a city ordinance.

In view of the obligation of the railroad company to fence, it is not considered that merely permitting plaintiff's horse to run at large under the circumstances constituted him a wrong-doer as to defendant, or was contributory negligence *per se*. If the defendant company were bound to fence generally against cattle and horses, it was required to maintain the fence in question as a protection against the destruction of plaintiff's horse, as well as against those in fields adjoining the track, and it is immaterial whether he was straying at

the time or not. In such cases, to establish contributory negligence, there must be some act or omission of the plaintiff proximately affecting the question of the exposure of the animal to danger, or contributing to the accident. *Searles* v. *Milwaukee & St. P. Ry. Co.*, 35 Iowa, 490; *Rockford, etc., R. Co.* v. *Irish*, 72 Ill. 404; *Cairo & St. L. R. Co.* v. *Murray*, 82 Ill. 78; *Fitch* v. *Buffalo, etc., R. Co.*, 13 Hun, 668; *Johnson* v. *Chic., Mil. & St. P. Ry. Co.*, 29 Minn. 425. In *Curry* v. *Chicago & N.W. Ry. Co.*, 43 Wis. 665, 684, the court, while adopting the same rule upon the subject of contributory negligence which obtains in this state in this class of cases, declare it to be the uniform doctrine of that court "that the mere fact of trespass does not excuse injury occasioned by such negligence of the railroad company."

In this case the court erred in assuming, as matter of law, that the fact that the animal had been suffered to be at large, under the circumstances, was contributory negligence. The case should have been submitted to the jury, and there must be a new trial.

Order reversed.