Gus Moser and another *vs.* St. Paul & Duluth Railroad Company.

February 7, 1890.

**Railway—Failure to Fence—Pleading—Variance.**—Proof that, by reason of neglect to fence a railroad, the plaintiffs' horse went upon the track, fell into a railroad bridge, and in some way was killed, *held* not a case of material variance or of defect of proof, although the complaint alleged that the horse was killed in being taken out of the bridge.

**Same—Excuse for not Fencing.**—The failure to fence a railroad track, at a point some distance from the depot, is not excused by proof merely that some freight was received and discharged at the place in question.

**Same—Contributory Negligence—Horse Running at Large.**—It is *prima facie* contributory negligence for one to voluntarily allow a valuable horse to run at large in the public streets, contrary to law, in the immediate vicinity of unfenced railroad tracks.

Appeal by defendant from an order of the district court for Carlton county, *Holland, J.,* presiding, (before whom, acting for a judge of the 11th district, the action was tried,) refusing a new trial.

*James Smith, Jr.,* and *H. Oldenburg,* for appellant.

*H. H. Hawkins* and *S. E. Cheeseman,* for respondents.

Dickinson, J. The evidence was sufficient to justify the conclusion that the horse, for the killing of which the plaintiffs seek to recover, went upon the defendant's railroad at a point not far from its depot at Northern Pacific Junction, by reason of there being no fences

along the track in that vicinity, nor any cattle-guards at a public highway-crossing; and that the horse went along the track a considerable distance, fell into a railroad bridge, and in some way, not otherwise disclosed by the evidence, was killed. This is within the scope of the complaint, although that goes further, and alleges that the animal was killed by the defendant's servants in getting him out of the bridge. There was no variance which could have misled the defendant, nor is it a case of defect of proof sufficient to sustain a recovery.

The defence that it was impracticable to fence the track and put in cattle-guards was not established. It was shown that, in the vicinity of the crossing, the tracks, or some of them, were used for receiving and discharging freight. But neither by showing the situation with reference to the depot-grounds, nor otherwise, was it made to appear that public convenience or the necessities of the company in the transaction of its business required such a use of these tracks, or required that they be left unfenced. It was shown that there was no fence for 300 feet beyond the crossing, the depot being in the other direction. But a *prima facie* case of contributory negligence on the part of the plaintiff was shown, and the evidence disclosed nothing to excuse or justify his conduct. He lived near the crossing referred to, where there are four railroad tracks. For several hundred feet in one direction, and for a distance not shown in the other direction, the railroad was unfenced, and there was nothing to prevent animals straying upon the track. Such being the situation, the plaintiff voluntarily suffered his horse to run at large in the streets and highways, and while he was so at large the injury occurred. The general rule of law in this state forbids this, and the plaintiff's conduct was unlawful, unless by lawful local regulation, concerning which the statute makes provision, domestic animals were allowed to run at large. Nothing of this kind was shown, and it is to be presumed that the general law of the state was in force in this locality. The statutory liability of the railroad company for its neglect to fence is subject to the general rule of law as to the right of recovery by one whose negligence has proximately contributed to produce the injury complained of. *Johnson* v. *Chicago, Mil. & St. Paul Ry. Co.*, 29 Minn. 425, (13 N. W. Rep. 673,) and cases cited; *Watier* v. *Chicago, St.*

v.42м.—31

*Paul, M. & O. Ry. Co.,* 31 Minn. 91, (16 N. W. Rep. 537.)    For the plaintiff to unlawfully turn loose a horse of the value of $200, to run at large, in the vicinity of the unfenced railroad tracks, was negligence, unless facts not here shown may have made such conduct consistent with ordinary prudence.    As the case is presented to us, it shows contributory negligence, and the verdict cannot stand.

Order reversed.