W. H. H. GRAVES *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

## December 1, 1891.

**Railway—Failure to Repair Fence.**—Evidence *held* sufficient to support a finding of negligence on the part of the defendant in failing seasonably to repair a fence along its right of way.

Appeal by defendant from an order of the district court for Blue Earth county, *Severance, J.,* presiding, refusing a new trial after a verdict of $25 for plaintiff.

*Andrew C. Dunn,* for appellant.

*Wm. N. Plymat,* for respondent.

VANDERBURGH, J.　Cattle belonging to the plaintiff escaped from his premises through a defective division fence between his land and defendant's right of way, and were killed on the railway track. The action is brought for damages for the negligence of the defendant in failing to keep the fence in suitable repair.　The evidence tends to prove that the fence in question was broken down and in part carried away by ice and high water, about the middle of April,

1888; that it remained in substantially the same condition until May 22d following, when the accident occurred. In the mean time the company had notice of its condition, but made no effort to repair it. The excuse is the continuance of high water at the place where the fence had been broken down or swept away, to such an extent as to prevent the making of repairs. This presents a question of fact upon the evidence. The evidence of plaintiff's witnesses tends to show that the water subsided, and was, for a considerable time before the accident, but a few inches in depth, so that stakes and posts could have been driven or set, and wires strung thereon, and the accident prevented. The question of negligence was then one clearly for the jury, and not for the court. *Johnson* v. *Chicago Mil. & St. Paul Ry. Co.*, 29 Minn. 425, (13 N. W. Rep. 673.) And it is equally plain upon this record that this court would not be warranted in ordering a new trial, contrary to the judgment of the trial court, on the question as to the sufficiency of the evidence to justify the verdict.

Order affirmed.