AMANDA V. GREEN *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RY. CO.

EMILY F. ARNOLD *vs.* SAME.

Argued Oct. 19, 1893.  Affirmed Nov. 8, 1893.

Nos. 8304, 8482.

Evidence considered.

*Held,* that the evidence in these cases, which were tried and submitted together, was not so manifestly and palpably in favor of the verdicts as to justify this court in reversing the order of the court below setting them aside and granting new trials.

Appeal by plaintiff, Amanda V. Green, from an order of the District Court of Sherburne County, *L. L. Baxter,* J., made June 24, 1891, granting the motion of the defendant, the St. Paul, Minneapolis and Manitoba Railway Company, for a new trial.

On July 16, 1889, plaintiff's horse was running at large in the Township of Livonia and went onto the track of defendant's railroad at the station at Zimmerman and ran north about sixty rods along the track to a cattle guard.  It jumped this cattle guard and ran along the track about one hundred and twenty five rods further, to a trestle bridge over a swale forty feet long and eight feet above the ground.  There it was struck by an engine going north and thrown off on the west side and killed.  This cattle guard was six feet four inches wide.  This action was to recover the value of the horse. The only negligence alleged in the complaint was, that the Railway Company failed to build and maintain a good and sufficient cattle guard at the point where the horse jumped it.  Plaintiff had a verdict for $157.  On motion of defendant, the Court set it aside, saying the evidence was not sufficient to sustain the charge of negligence.  From this order plaintiff appeals.

Emily F. Arnold had a mare and two colts at large with Mrs. Green's horse.  They also went onto the track at the same time and place and ran north with the horse, jumped the cattle guard and were injured or killed at the bridge.  She brought a similar action and had a verdict which the Court set aside and she also appeals. Both appeals involved the same question and were argued together in this Court.

*I. W. Arnold, Edward Savage* and *Savage & Purdy,* for appellants.
*M. D. Grover* and *Geo. H. Reynolds,* for respondent.

Collins, J.   These were stock-killing cases, growing out of the
same occurrence, and tried together, separate verdicts being ren-
dered against the defendant in each case.   Its motion for a new trial
being granted, plaintiffs appealed.   It is quite evident that in grant-
ing new trials the court below, although influenced, perhaps, by
other reasons, was of the opinion that the evidence was insufficient
to sustain the charge of negligence on the part of defendant.   We
do not hesitate in saying that the court below was right in this,
on the theory upon which these cases appear to have been submit-
ted to the jury.   It seems to have been assumed that defendant's
liability arose and existed, if at all, out of its failure to keep clear of
weeds, and in proper condition, a cattle guard at a point in its rail-
way some sixty rods distant from where the horses entered upon
the right of way and railway track.   The animals, evidently fright-
ened, jumped this guard as they ran along the track.   The plaintiffs
claimed (so the court below charged the jury) that defendant had
failed to maintain the guard in proper condition, and that this was
negligence for which it should respond in damages.   It also charged
that there was no other evidence of defendant's carelessness or
negligence.   It further charged that if this guard was in proper con-
dition and was such as defendant was required to maintain, the
plaintiffs could not recover.   To these several statements to the jury
the plaintiffs took no exceptions, nor did they request anything fur-
ther or different from the court respecting defendant's alleged neg-
ligence.   For the purposes of this appeal, plaintiffs must abide by
the theory upon which their counsel seems to have finally rested
the cases, and also by the charge of the court, which they acquiesced
in, and evidently approved.   They cannot now shift position, and
urge that, as defendant's negligence really consisted in its failure
to fence the right of way, the court below erred when granting
new trials on the principal ground before mentioned.

As we must assume that the charge was correct, as a matter of
law, it would be incumbent upon us, in order to reverse the order
appealed from, to declare that the evidence was manifestly and pal-

pably in favor of the verdicts. This cannot be done, for, on the theory upon which plaintiffs undertook to recover, there was really very little testimony on which to base verdicts for plaintiffs. No complaint was made that the cattle guard was improperly constructed, or had become out of repair, or insufficient to turn animals under ordinary circumstances. To be sure, there was testimony tending to show that a few weeds had grown up from the bottom, and a little sand had accumulated there; but these facts were of no importance, because the proof was clear that the animals jumped the guard, and, of course, the weeds and sand cut no figure.

In view of new trials, it is advisable for us to say that, under the circumstances disclosed by the testimony, the bare fact that the horses were unlawfully running at large did not constitute their owners wrongdoers as to defendant company, nor was it contributory negligence *per se* on the part of such owners. *Johnson* v. *Milwaukee & St. P. Ry. Co.*, 29 Minn. 425, (13 N. W. Rep. 673;) *Watier* v. *Chicago, St. P., M. & O. Ry. Co.*, 31 Minn. 91, (16 N. W. Rep. 537.) The question of contributory negligence, on the facts shown, was for the jury. The difference between the cases at bar and that of *Moser* v. *St. Paul & D. R. Co.*, 42 Minn. 480, (44 N. W. Rep. 530,) can easily be seen by an examination of the circumstances attending each.

The trial court very properly declined to charge the jury as requested by defendant's counsel, for all of their requests involved the proposition that, at law, plaintiffs were guilty of contributory negligence when allowing their horses to unlawfully run at large; the persons in charge thereof having knowledge that at a point two and a half miles distant defendant's right of way was unfenced. The facts did not warrant any such proposition.

We remark, in conclusion, that whether the neglect of defendant to fence that part of its right of way south of the cattle guard, and where the animals first went upon the track, was the proximate cause of the injury occurring after they had jumped the cattle guard, and gotten upon a part of the railway which was inclosed with a fence, assuming the guard, which was part of the fence, was "good and sufficient," is a question which we do not now consider, as counsel have neither raised nor discussed it. All we care to say in ref-

erence to it is that it is not necessarily controlled by *Cox* v. *Minneapolis, S. Ste. M. & A. Ry. Co.*, 41 Minn. 101, (42 N. W. Rep. 924.)

Order affirmed.

(Opinion published 56 N. W. Rep. 752.)