ERIC ERICSON *vs.* DULUTH & IRON RANGE R. CO.

Submitted on briefs April 3, 1894. Affirmed April 14, 1894.

No. 8677.

**Allowing domestic animals to run at large is not necessarily contributory negligence.**

Where domestic animals are injured by reason of a railway company failing to perform its statutory duty to fence its road, the bare fact that their owner voluntarily permitted them to run at large, contrary to law, does not, as between him and the railway company, necessarily constitute contributory negligence *per se*; following former decisions.

**It is a question of fact for the jury.**

Whether the plaintiff was guilty of contributory negligence in permitting his animals to run at large, *held*, under the facts of this case, to have been a question for the jury.

Appeal by defendant, the Duluth and Iron Range Railroad Company, from an order of the Municipal Court of the City of Duluth, *Roger S. Powell*, J., made October 27, 1893, denying its motion for a new trial.

The plaintiff, Eric Ericson, resided at Biwabik, a station on defendant's railroad. The country was new and the railroad unfenced. He permitted his cow to run at large during the day time and graze on the commons and in the village streets. On July 8, 1893, she went upon the railroad track at a place two miles west of the station and was struck by one of defendant's trains and killed. He brought this action to recover damages, claiming the statutory presumption of negligence on the part of defendant because of its failure to fence its tracks. 1878 G. S. ch. 34, §§ 54, 55. Defendant answered that plaintiff was guilty of contributory negligence in allowing his cow to run at large, knowing the track to be unfenced. This was defendant's contention at the trial and it was submitted to the jury. Defendant excepted. The jury found for the plaintiff and assessed his damages at $50. Defendant moved for a new trial but was denied and it appeals.

*Draper, Davis & Hollister,* for appellant.

Plaintiff allowed his cow to go at large contrary to law. In consequence of this neglect of duty she went upon the track and was killed. She was there by his fault. He was guilty of contributory negligence. *Locke* v. *First Div. St. Paul & P. R. Co.,* 15 Minn. 350; *Wetherell* v. *Milwaukee & St. P. Ry. Co.,* 24 Minn. 410; *Palmer* v. *Northern Pac. R. Co.,* 37 Minn. 223; *Moser* v. *St. Paul & D. R. Co.,* 42 Minn. 480; *Johnson* v. *Chicago, M. & St. P. Ry. Co.,* 29 Minn. 425; *Watier* v. *Chicago, St. P. & O. Ry. Co.,* 31 Minn. 91.

*Austin N. McGindley,* for respondent.

The bare fact that the cow was unlawfully running at large did not constitute her owner a wrongdoer as to defendant, nor was it contributory negligence *per se* on his part. It was a question of mixed law and fact and was for the jury. This was so held in *Green* v. *St. Paul, M. & M. Ry. Co.,* 55 Minn. 192. The case of *Moser* v. *St. Paul & D. R. Co.,* 42 Minn. 480, was mentioned in that case but was not followed.

MITCHELL, J. It is the settled doctrine of this court that, while the statutory liability of railway companies for domestic animals killed or injured by reason of their failure to fence their roads is

subject to the general rule that a person cannot recover whose negligence has proximately contributed to the injury complained of, yet the mere fact of voluntarily permitting animals to unlawfully run at large does not, as between the owner and the railway company, amount, *per se*, to contributory negligence. *Johnson* v. *Chicago, M. & St. P. Ry. Co.*, 29 Minn. 425, (13 N. W. 673;) *Watier* v. *Chicago, St. P., M. & O. Ry. Co.*, 31 Minn. 91, (16 N. W. 537;) *Green* v. *St. Paul, M. & M. Ry. Co.*, 55 Minn. 192, (56 N. W. 752.) It was said in *Watier* v. *Chicago, St. P., M. & O. Ry. Co., supra*, that, in such cases, to establish contributory negligence there must be some act or omission of the plaintiff proximately affecting the question of the exposure of the animal to danger, or contributing to the accident.

To charge the owner with contributory negligence it must appear that he allowed his stock to run at large under such circumstances that the natural and probable consequence of so doing was that the stock would go upon the railroad track and be injured; that the risk of danger was such that a person in the exercise of ordinary prudence and reasonable care would not have allowed the animals to run at large. Ordinarily, this would be a question of fact for the jury.

There might be cases where the character of the animals was such, and the danger so imminent, that the court would be justified in holding, as a matter of law, that the owner was guilty of contributory negligence in permitting them to run at large. Such seems to have been the view taken of the facts in *Moser* v. *St. Paul & Duluth R. Co.*, 42 Minn. 480, (44 N. W. 530,) which can only on that ground be reconciled with our former decisions. Biwabik appears to be a new and small hamlet in the woods on the line of defendant's road; the surrounding country being, as we infer, mainly unimproved and uninclosed.

Whether the plaintiff was, as to the defendant, guilty of contributory negligence in allowing, as others did, his cow to run at large during the daytime, for purposes of pasturage, on the uninclosed land in the vicinity of the village, notwithstanding that he knew that defendant's track in that neighborhood was not fenced, was, in our judgment, a question of fact for the jury.

The court instructed the jury, in general terms, that the plaintiff could not recover if his negligent acts or omissions contributed to the injury so that, but for such negligence, the cow would not have been killed.

The defendant requested the court to further instruct the jury that if they found "that plaintiff lived within sight of defendant's tracks, and kept his cow there, and knew that defendant's tracks were not fenced, and that, if allowed to run at large, there was danger that his cow would get on the track and get killed, yet turned his cow out to run at large, he was guilty of contributory negligence, and could not recover."

Of course, when an animal is allowed to run at large, and there is an unfenced railroad anywhere within a distance to which the animal may roam, there is always some chance that the animal may get upon the track and be injured. The effect of the instruction asked for would be to hold that in every such case, regardless of other circumstances, the bare fact of allowing the animal to run at large would constitute contributory negligence. The request went too far, and, if granted, would have practically taken the case from the jury. It was virtually equivalent to a request to direct a verdict for defendant.

The charge of the court as to the effect of contributory negligence on part of the plaintiff was so very general as to furnish little or no aid to the jury, and, if asked for in proper form, the defendant would have been entitled to some more specific instructions on the subject; but the instruction requested was properly refused.

Order affirmed.

(Opinion published 58 N. W. 822.)