### FELIX SARJA v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 9, 1906.

Nos. 14,889—(44).

**Railway—Killing Stock.**

> When animals pass upon an unfenced railroad track and are injured, the mere fact that the owner permitted them to unlawfully run at large does not constitute contributory negligence, per se.

**Same—Contributory Negligence.**

> Evidence examined, and *held* the facts do not warrant the conclusion as a matter of law that the owner proximately contributed to the injury by turning his stock into a clearing upon his own land, knowing that the fence adjoining the right of way was insufficient to hold them. Whether he was guilty of contributory negligence, was a question of fact for the jury.

Action in the municipal court of Duluth to recover $110 for injuring and killing domestic animals. The case was tried before Windom, J., and a jury, which returned a verdict in favor of the plaintiff for the amount stated. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed to the district court for St. Louis county. From an order of the district court, Ensign, Cant, and Dibell, JJ., affirming the order of the municipal court, defendant appealed. Affirmed.

*Wm. R. Begg, J. A. Murphy,* and *Heber McHugh,* for appellant.
*Miller & Clapp,* for respondent.

[1]Reported in 109 N. W. 600.

LEWIS, J.

Respondent is the owner of forty acres of land in an unsettled portion of St. Louis county. Appellant's right of way crosses one corner thereof. About twenty acres of the land was cleared, and the house stood in the clearing, a few hundred feet from the right of way. Respondent had built a fence around the cleared portion of his land, and that part of the fence opposite the right of way was of a temporary nature, probably built of trees and brush when the land was cleared some four years before. The rest of the fence was sufficient to turn stock. Respondent owned eight head of cattle, and, during the summer, in accordance with the general custom of that part of the country, they were permitted to run at large in the woods. The country was generally quite swampy, and there was no permanent roadway between respondent's house and the right of way except in winter. During the summer the land was swampy along the right of way opposite the clearing. The temporary fence next to the right of way on respondent's land was not kept in repair, and it was possible for stock to go in that direction to the woods, or over the right of way upon the railroad track; no railroad fences having been constructed. May 12, 1905, respondent's cattle were left grazing in the clearing as usual, and, during his absence, crossed over the right of way and got upon the railroad tracks at a point a considerable distance to the east of respondent's land. It does not appear whether they went upon the track immediately, or whether they escaped upon adjoining premises, and afterwards crossed over the right of way and got on the track; but while there a freight train ran into them, killing two and injuring one. Respondent having recovered a verdict, appellant has submitted the case to this court for review upon certain questions of law.

It is asserted that it conclusively appears from the evidence that the plaintiff was guilty of contributory negligence, in that his cattle had been allowed to run at large contrary to law, and appellant company were not responsible for the injury unless guilty of wilful or wanton negligence in controlling its train, after discovering the presence of stock on the tracks.

The correct rule in such cases is well stated in Ericson v. Duluth & Iron Range R. Co., 57 Minn. 26, 58 N. W. 822, as follows: "It is

the settled doctrine of this court that, while the statutory liability of railway companies for domestic animals killed or injured by reason of their failure to fence their roads is subject to the general rule that a person cannot recover whose negligence has proximately contributed to the injury complained of, yet the mere fact of voluntarily permitting animals to unlawfully run at large does not, as between the owner and the railway company, amount, per se, to contributory negligence * * * that in such cases, to establish contributory negligence there must be some act or omission of the plaintiff proximately affecting the question of the exposure of the animal to danger, or contributing to the accident. To charge the owner with contributory negligence, it must appear that he allowed his stock to run at large under such circumstances that the natural and probable consequence of so doing was that the stock would go upon the railroad track and be injured."

In that case plaintiff permitted his cow to run at large during the daytime, and graze on the commons and in the village streets, and she got upon the railroad track at a place two miles from the station and was struck and killed by one of defendant's trains. It was held that the question of contributory negligence was, under those circumstances, a question of fact for the jury. The authorities cited in support of the doctrine were: Johnson v. Chicago, M. & St. P. Ry. Co., 29 Minn. 425, 13 N. W. 673; Watier v. Chicago, St. P., M. & O. Ry. Co., 31 Minn. 91, 16 N. W. 537; and Green v. St. Paul, M. & M. Ry. Co., 55 Minn. 192, 56 N. W. 752. In the Watier case, plaintiff's horse was turned loose in the city of Stillwater, from where it had wandered several miles, got on the railroad track, and was killed by a passing train. It was held that the question of contributory negligence was for the jury. In the Green case, plaintiff's horse was running at large, entered defendant's track, and ran along it for some distance until it was struck and killed by an engine. It was held that the question of contributory negligence was for the jury. In both these cases Moser v. St. Paul & D. R. Co., 42 Minn. 480, 44 N. W. 530, relied upon by appellant, was distinguished; and, viewed from the standpoint of later decisions, that case can no longer be regarded as authority.

From the record in the case under consideration, we are satisfied that it does not conclusively appear that respondent contributed proximately to the accident by permitting his cattle to remain upon the clearing, knowing that the fence he had constructed upon his own land adjoining the right of way was insufficient to keep them from escaping in that direction. It would be different had respondent fenced all other sides of the clearing to the railroad track and left that side exposed, knowing that cattle, in search of pasturage, would necessarily go upon the track. As we understand the record, the side fences were not constructed beyond the right of way, and it was possible for cattle to go at large by passing around the ends of such fences without coming near the track itself. In brief, there is nothing to indicate that respondent relied upon the track, or the grade upon which it rested, as a barrier to keep his stock inclosed. The case is, therefore, no different than it would be had there been no fences at all around the clearing.

The trial court was correct in submitting to the jury the question of contributory negligence, and in refusing to instruct the jury that in no event was appellant liable, unless its servants were guilty of wilful and wanton negligence.

Order affirmed.