WILLIAM PURDY, Respondent, *v.* THE NEW YORK AND NEW HAVEN RAILROAD COMPANY, Appellant.

The provision of the act of 1854 (chap. 282, Laws of 1854), amending the general railroad act, which requires every railroad corporation whose line is open for use to erect and maintain fences on the sides of its road, and declaring it liable for damages to cattle, in case its fences are not made or are out of repair, applies to a foreign corporation which had, prior to the passage of said act, under and by virtue of an act of the Legislature wherein was reserved a right to alter or repeal, extended its road within this State, so far as such road is opened for use within the State; and it is liable for cattle killed which came upon its track through a defective fence, although the cattle were trespassing.

*It seems,* that said provision is applicable to any foreign, as well as domestic, railroad corporation which keeps open and operates a road within the State.

(Argued September 15, 1874; decided January term, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a decision of the court upon trial at Circuit without a jury.

This action was brought to recover for two oxen killed by a train upon defendant's road.

SICKELS — VOL. XVI.     45

The facts, as found by the court, are substantially as follows: The defendant is a foreign corporation, created by the laws of Connecticut. It owned and operated a portion of its road in this State, by virtue of an act passed May 11, 1846, entitled "An act to authorize the New York and New Haven Railroad Company to extend their said road from the Connecticut line to the New York and Harlem Railroad." In August, 1865, the plaintiff was the owner in possession of certain land in the town of Rye and county of Westchester, adjoining the land of one Thomas Sheall, and defendant's road was built and operated through the land of said Sheall. The plaintiff's cattle escaped, without his fault or negligence, from his land on to the land of said Sheall, and from thence to and upon the road and track of the defendant, where they were run over and killed by a passing train. The fence between defendant's road and Sheall's land was out of repair, and through this fence the cattle escaped upon the road.

*Robert Cochran* for the appellant. The general statutes of New York imposing extraordinary liabilities upon its railroads, in connection with the maintenance of fences, do not apply to a foreign corporation. (2 R. S., 690, 691; 1 R. S. [5th ed.], 834; Laws 1850, §§ 44, 49; Laws 1854, chap. 282, § 8; Laws 1846, chap. 281; 3 Kern., 42, 49; 13 Barb., 594; 37 id., 196.)

*J. O. Dykman* for the respondent. It was defendant's duty to see that the fence was built, and failing to do so it is liable. (*Shepard* v. *Buff., N. Y. and E. R. R. Co.*, 35 N. Y., 641.) Defendant is liable, although a foreign corporation. (Laws 1846, chap. 195, §§ 6, 7; *Corwin* v. *N. Y. C. R. R. Co.*, 13 N. Y., 42; *Shepard* v. *Buff., N. Y. and E. R. R. Co.*, 35 id., 643; Laws 1854, chap. 282, § 8; *Tracy* v. *T. and B. R. R. Co.*, 38 N. Y., 437.)

EARL, C. By chapter 195 of the Laws of 1846 the defendants were authorized to construct their road through the

county of Westchester, and were empowered, for that purpose, to take land by purchase, or by the hostile proceedings provided in the act; they were required to erect and maintain fences upon the sides of their road, and the legislature reserved the right, at any time, to alter or repeal the act. Under this act alone, the defendants would probably not have been liable for killing the cattle, as they were not lawfully upon the adjoining close, and were trespassing upon their road. (*The Tonawanda R. R. Co.* v. *Munger*, 5 Denio, 255; S. C., 4 Comst., 349.) But, by chapter 282 of the Laws of 1854, the general railroad act was amended. Section 8 of that chapter provides that " every railroad corporation whose line is open for use, etc., shall erect and thereafter maintain fences on the sides of their roads, etc. And so long as such fences shall not be made, and when not in good repair, such railroad corporation and its agents shall be liable for damages which shall be done by the agents or engines of any such corporation to cattle," etc. This section was enacted from public considerations. Its purpose was to protect the traveling public, as well as farmers along the lines of railroads, and it should receive such a construction as to afford the protection designed. So far as this railroad was within this State it was subject to the control of our legislature. It was just as important that this road should be fenced as that other roads owned by domestic corporations should be. The policy of the statute extends to all railroads within the State, and they are plainly comprehended within its language. The section applies to all roads open or to be opened for use. Many of the sections of the general railroad act apply only to corporations formed under that act. Other sections apply to all railroads within this State. If I am right in these views, and the section above cited applies to this road, then it follows, upon repeated adjudications, that the defendant is liable for killing the cattle, although they were trespassing upon its road. (*Tracy* v. *The Troy and Boston R. R. Co.*, 38 N. Y., 433; *Bradley* v. *The Buffalo, N. Y. and E. R. R. Co.*, 34 id., 427; *Corwin* v. *The N. Y.*

*and E. R. R. Co.*, 13 id., 42; *Shepard* v. *The Buffalo, N. Y. and E. R. R. Co.*, 35 id., 641.)

The judgment must therefore be affirmed, with costs.

All concur.

Judgment affirmed.