HELMKE v. NEW JERSEY & N. Y. R. CO.

(Supreme Court, General Term, Second Department. December 12, 1892.)

SPECIFIC PERFORMANCE—CONTRACT TO CONVEY RIGHT OF WAY.

> Plaintiff executed an agreement to convey a right of way through his land to the H. railroad company for a nominal sum, the company to build a fence on both sides, whereupon the company took possession, built and operated its road, and executed a mortgage on the same, and thereafter consolidated with defendant railroad company, which after the consolidation acquired the mortgage title by purchase at foreclosure sale in proceedings wherein plaintiff was not a party. *Held,* in ejectment, where defendant set up its mortgage title, and asked for specific performance of plaintiff's agreement, that a decree directing plaintiff to execute a deed upon defendant's building the fence, and paying damages for not having built it before, will not be disturbed.

Appeal from circuit court, Rockland county.

Ejectment by Henry Helmke against the New Jersey & New York Railroad Company for a strip of land through plaintiff's tract used by defendant as a right of way, and which was the subject of an agreement to convey, executed by plaintiff to defendant's predecessor in interest, the Hackensack & New York Extension Railroad Company. Defendant claimed as successor in interest, and as purchaser at mortgage foreclosure sale of all the rights and franchises of its predecessor, and demanded a specific performance of plaintiff's agreement to convey. From a judgment decreeing a specific performance by delivery of a

deed by plaintiff upon defendant's building the fence, and paying damages for not having built it before, defendant appeals.　Affirmed.

The agreement to convey was as follows: "In consideration of the sum of one dollar, to me in hand paid by the Hackensack & New York Extension Railroad Company, the receipt whereof is hereby acknowledged, I do, for myself and my legal representatives, agree to sell to said company all my right, title, and interest in and to certain lands situated in the town of Ramapo, Rockland county, and state of New York, which said lands are described as follows, to wit:　Comprising a width of 26½ feet upon the easterly side, and 39½ feet upon the westerly side, on side of the center line of said railroad, as the same is now located, across the whole width of my land, according to the location of the said center line.　Said railroad agrees to build and maintain a lawful fence upon each side of said railroad.　And I do further covenant and agree, for myself, my heirs and assigns, that whenever said company shall prepare, and present to me for execution, a warranty deed of said premises, I will execute the same.", Plaintiff was not a party in the foreclosure proceedings wherein defendant became the purchaser, and no fence was ever built by defendant or its predecessor, and no deed executed by plaintiff.

Argued before BARNARD, P. J., and DYKMAN, J.

·De Forest & Weeks, (F. L. Hall, of counsel,) for appellant.

W. J. Groo, for respondent.

BARNARD, P. J.　The justice of the decision appealed from cannot be assailed.　The Hackensack & New York Extension Railroad Company, a New Jersey corporation, was authorized to extend its road in this state.　This railroad company built its road over the plaintiff's lands in 1871, and in 1872 commenced running the road.　The Hackensack Company had, in 1870, mortgaged its road to John S. Fox and others. In 1873 the Hackensack Company consolidated with another company, and became the defendant company, and in 1880 acquired the mortgage title.　The plaintiff's lands were taken under an agreement to sell for a nominal sum, and on agreement that the railroad company would build and maintain a lawful fence on each side of the railroad.　The plaintiff owned on each side of the railroad company's track.　The original company and its successors have had the land since about November, 1871. No fence has been built; no deed has been given.　The use of the plaintiff's land has been very much impaired by the lack of the fences.　The plaintiff brings an action in ejectment.　The defendant asks a specific performance of the contract.　The court granted a decision for a specific performance of the contract, by the execution and delivery of a deed, and upon the payment of $250 to the plaintiff, and forthwith fencing the property, with costs to plaintiff.　The proof showed a ·much greater loss to plaintiff by the absence of fences than was allowed by the contract. By the true reading of the contract, the engagements of the parties were mutual, and to be simultaneously performed, by building the fences; otherwise, the railroad company would get the land without payment of the consideration.　The whole agreement is to be taken and read together, in view of the subject of it, and in view of what was to be performed under it.　The giving of a deed was no more a condition subsequent than is the building of the fence.　The question is of no importance, however.　The defendant asks for a specific performance, and it is granted, upon the performance of the contract in respect to the fence,

and upon payment of damages for its failure to do so heretofore. None of the evidence shows the plaintiff's injury to be so small as the sum allowed by the court. The judgment should be affirmed, with costs.