## MOXLEY v. NEW JERSEY & N. Y. R. CO.

(Supreme Court, General Term, Second Department. December 12, 1892.)

COVENANTS RUNNING WITH THE LAND.

> W., the owner of the fee, executed for a nominal consideration an agreement providing that "I do, for myself and my legal representatives, agree to sell * * * all my right, title, and interest" in certain lands described, to the H. railroad company, "across the whole width of my land. * * * The railroad company agrees to build and maintain a lawful fence upon each side of the line of the road." *Held,* that the covenant to build and maintain fences thereon is one running with the land.

Appeal from circuit court, Rockland county.

Ejectment by Dennis Moxley against the New Jersey & New York Railroad Company for a strip of land through plaintiff's tract, used by defendant as a right of way, and which was the subject of an agreement to convey, executed by plaintiff's predecessor, one James Westervelt, to defendant's predecessor in interest, the Hackensack & New York Extension Railroad Company. Defendant claimed as successor in interest, and as purchaser at mortgage foreclosure sale of all the rights and franchises of its predecessor, and demanded a specific performance of the agreement of plaintiff's predecessor to convey. From a judgment decreeing a specific performance by delivery of a deed by plaintiff, upon defendant building the fence, and paying damages for not having built it before, defendant appeals. Affirmed.

> The agreement to convey was as follows: "In consideration of the sum of one dollar to me in hand paid by the Hackensack and New York Extension Railroad Company, the receipt whereof is hereby acknowledged, I do, for myself and my legal representatives, agree to sell to said company all my right, title, and interest in and to certain lands situated in the town of Ramapo, Rockland county, and state of New York, which said lands are described as follows, to wit: Comprising a width of thirty feet six inches upon the easterly side, and thirty-nine feet six inches upon the westerly side, of the center line of said railroad, as the same is now located, across the whole width of my land, according to the location of the said center line. The railroad company agrees to build and maintain a lawful fence upon each side of the line of road. And I do further covenant and agree, for myself, my heirs and assigns, that, whenever said company shall prepare and present to me for execution a warranty deed of said premises, I will execute the same." James Westervelt having died, his lands were sold subject to the foregoing agreement, and purchased by plaintiff. Westervelt was not made a party in the foreclosure proceedings wherein defendant became purchaser, and no fence was ever built by defendant or its predecessor, and no deed executed by plaintiff or his predecessor.

Argued before BARNARD, P. J., and DYKMAN, J.

De Forest & Weeks, (Frank Hall, of counsel,) for appellant.
W. J. Groo, for respondent.

BARNARD, P. J. The case of Helmke against the defendant (21 N. Y. Supp. 345) is similar in principle with this case, and would be covered by the decision in that case, except that the person who gave the

consent to the railroad (one Westervelt) died, and his lands were sold. The plaintiff bought the land in question with full knowledge that the defendant was in possession. The covenant runs with the land. It is not only to build, but to maintain, the fence on each side of the track, that is secured by the contract. The land under the road of the defendant was sold to plaintiff, of course, subject to the performance of the original agreement to sell. The covenant to maintain a fence, even if it needs a new one, is an obligation which the defendant owes to Moxley, and this obligation has been broken, causing a large loss to the plaintiff since he acquired title, in 1885. The plaintiff may, therefore, maintain the action, although he purchased the land in 1885. Blain. v. Taylor, 19 Abb. Pr. 228; Laws 1854, § 9, c. 282.