BRADLEY and WARD, JJ., concurred.

Judgment directed for the defendant, without costs.

———————

SAMUEL C. DEY, Appellant, *v.* MINNIE PRENTICE, Respondent.

*Covenant to build line fences running with the land — proof thereof under a general denial — designation by fence viewers, not an estoppel.*

Where the owner of certain premises conveys a portion thereof by a deed in which the grantee covenants to build and repair all line fences between his lot and the lots of the grantor, the covenant runs with the land and binds subsequent purchasers.

Whether or not, in an action brought to recover the expense of building the defendant's share of a division fence, the defendant can, under a general denial, introduce a deed showing a covenant running with the plaintiff's land and binding him to build the whole fence, the objection to such proof cannot be raised for the first time upon appeal.

The fact that, by consent of the parties, fence viewers had designated the portion
of a division fence which should be built by each of the adjoining owners and
had required the defendant to build his part, does not estop the defendant from
interposing a defense arising from a covenant by which the plaintiff was bound
to build the whole fence.

APPEAL by the plaintiff, Samuel C. Dey, from a judgment of the
County Court of Allegany county in favor of the defendant, entered
in the office of the clerk of the county of Allegany on the 19th day
of December, 1892, upon the verdict of a jury rendered by direc-
tion of the court after a trial at the Allegany County Court upon
an appeal by the defendant from a judgment in favor of the plain-
tiff rendered by a justice of the peace, and also from an order
entered in said clerk's office on the 21st day of June, 1893, denying
plaintiff's motion for a new trial.

*G. W. Harding*, for the appellant.

*H. H. Relya*, for the respondent.

LEWIS, J.:

This action was brought to recover pay for building the defend-
ant's portion of a division fence between the lands of the parties,
situate in the town of Hume, Allegany county.

It was originally tried in a Justice's Court, where the plaintiff
obtained a verdict. The defendant appealed and the case was tried
in the County Court, where a verdict was directed for the defendant
of no cause of action. It was alleged in the plaintiff's complaint
that the parties owned adjoining lands; that they agreed upon the
portion of the line fence between their lands which each should
build; that the defendant neglected and refused to build her portion
of the fence for the period of more than one month after being
requested so to do by the plaintiff; that the plaintiff thereafter built
the same at an expense of twelve dollars and eighty-three cents, and
that by virtue of the statutes relating to division fences the defend-
ant became liable to pay him said sum of money. Among other
defenses interposed by the defendant was a general denial.

It appeared upon the trial that the lands of the parties formerly
belonged to one Daniel Seaver.

Seaver obtained his title by a deed from one Austin Patridge in
the year 1855, and entered into possession thereof.

Out of the land so conveyed to him by Patridge, Seaver deeded the plaintiff's premises of about four acres to one Joseph Luckey by deed dated March 1, 1863. The deed to Luckey contained the following covenant : " And the said Luckey is to build and keep in repair all line fences between said lot and lots adjoining owned now by said Daniel Seaver."

Luckey entered into possession and occupied the land so conveyed to him many years and until he died.

Defendant's lot was a part of the farm not conveyed to Luckey by Seaver, and it adjoined the piece of land conveyed to Luckey. Luckey built and maintained, up to the time of his death, the line fence between his lot and the land now owned by the defendant.

A Mr. Weaver occupied plaintiff's lot for ten or twelve years after the death of Luckey under a deed from one Charles Flenagin. Weaver built and maintained the line fences in question while he was in possession. From whom Flenagin got the title does not appear. Weaver's title deed was shown to be in the possession of the plaintiff at the time of the trial, but it was not put in evidence.

Although a complete chain of title from Seaver to the plaintiff was not shown upon the trial, the presumption is that his title came through Seaver, as did also that of the defendant.

Under the evidence the burden, we think, was upon the plaintiff to show that his lot had in some way been released from the burden imposed upon it by the Seaver deed. This he failed to do.

We agree with the County Court that the covenant in the Seaver deed requiring the grantee, Luckey, to build and keep in repair the line fence in question, runs with the land.

It was a covenant inserted in the deed for the benefit of the grantor, as owner of the adjoining land not conveyed, and which is now owned by the defendant.

It released the defendant's lot from the burden of thereafter building or maintaining a portion of the line fence between these lots.

The distinction between covenants running with the land and collateral covenants, which do not run with the land, is very clearly pointed out in the cases of *Allen* v. *Culver* (3 Den. 284–297) ; *Aikin* v. *Albany, Vernont & Canada Railroad Company* (26 Barb. 289); *Countryman* v. *Deck* (13 Abb. N. C. 110).

The appellant's counsel contends that the defendant was not entitled to avail herself of this defense for the reason that she had failed to plead it.   The deed from Seaver containing the covenant mentioned was put in evidence by the defendant without the objection being made that the defense was not pleaded.

It is too late to raise the question upon appeal.  Had it been raised at the trial the answer might have been amended if deemed necessary.   Whether, under the general denial, the defendant would not have been entitled to the evidence, we are not called upon to decide.

At the suggestion of the plaintiff, and by consent of the defendant, fence viewers were called upon to apportion the line fence between the lands in question.   They designated the part each should build, requiring the defendant to build that portion of the line fence, for the building of which this action was brought.   This fact is relied upon by the plaintiff as estopping the defendant from claiming the exemption mentioned.   The case of *Adams* v. *Van Alstyne* (25 N. Y. 236) would seem to have settled that question against the plaintiff's contention.

The judgment and order appealed from should be affirmed.

BRADLEY, WARD and DAVY, JJ., concurred.

Judgment and order affirmed.