## SATTERLY v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

RAILROADS—RIGHT OF WAY—FENCES—COVENANT TO BUILD—KILLING CATTLE.

A covenant by the grantor of a railroad right of way, obligating himself to maintain fences along the right of way, is a covenant running with the land, and binding on a subsequent grantee thereof, precluding him from recovering against the railroad company for the killing of cattle which strayed on the right of way because of his failure to keep the fences in repair.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, § 1424.]

Appeal from Trial Term, Orange County.

Action by Charles S. Satterly against the Erie Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The action is to recover damages for the loss of cattle which strayed from the plaintiff's lands onto the railroad tracks of the defendant and were killed by its locomotive engine. The plaintiff complained that his loss was due to the failure and neglect of the defendant to maintain fences on the side of its railroad between its roadway and the plaintiff's lands. In addition to its general denial the defendant pleaded the contributory negligence and plaintiff's carelessness and negligence in not keeping up and maintaining the fences, as he was bound to do by virtue of a written agreement theretofore entered into by his grantor or grantors. The court found that the defendant's right of way adjoins lands owned by the plaintiff, who acquired his title under Denniston, and that the defendant, as owner of such right of way, acquired its title thereto by various deeds and conveyances from the said Denniston; that, by the terms and conditions of the deed from Denniston to the defendant, Denniston covenanted and agreed to build and maintain a good and substantial fence along each side of said right of way, so as to separate his other land from said right of way, and at all times to keep said fence in good repair; that neither Denniston nor the plaintiff did so; that in consequence the

cattle strayed into the defendant's right of way and were killed; and that such killing was neither willful nor negligent. And the court therefrom concluded that the plaintiff, under and by virtue of the terms of the deed from Denniston to the railroad company, was bound to maintain and to repair the fence, that defendant was not liable for the damages resulting from the injury and death of the cattle, that the plaintiff was not entitled to have or to maintain this action, and so gave judgment for the defendant, dismissing the complaint upon the merits, with costs.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Henry Kohl, for appellant.
Henry Bacon, for respondent.

JENKS, J. I think that the covenant to build and to maintain the fence ran with the land. Moxley v. New Jersey & N. Y. R. Co. (Sup.) 21 N. Y. Supp. 347, affirmed 60 N. Y. St. Rep. 874; Bronson v. Coffin, 108 Mass. 175, 11 Am. Rep. 335, citing, inter alia, Blain v. Taylor, 19 Abb. Prac. 228, and Duffy v. N. Y. & Harlem R. R. Co., 2 Hilt. 496. See, too, Shepard v. Buffalo, New York, and Erie R. R. Co., 35 N. Y. 642. In Corwin v. New York & Erie R. R. Co., 13 N. Y. 42, Gregory, as owner, conveyed to the defendant the land on each side of its road for its railroad purposes, and covenanted in his deed to make and maintain fences. The plaintiff's cattle passed into Gregory's land, and, as it was not fenced or guarded, onto the defendant's tracks, and were killed. The court in its opinion says:

"It has been noticed that Gregory, who conveyed the land for the road through his farm, was bound, by his covenant with the defendant, to erect and maintain the fences. The plaintiff is a stranger to this covenant, and cannot be bound by it. Had Gregory's cattle entered upon the road from his land, by reason of there being no fence, and been injured, his covenant would have been a good answer to the action. It must be borne in mind that the statute imposes the duty generally upon the railroad company to erect and maintain the fence, and the public and individuals have a right to hold the company responsible for the performance of this duty. If Gregory had erected and maintained the fence, this would have satisfied the statute, as the railroad company would have caused the erection of the fence; but, until the fence was erected, the company remained liable for the omission."

This plaintiff is in the same relation to the defendant as Gregory was to the defendant in Corwin's Case, supra. The appellant relies principally upon Shepard v. Buffalo, New York & Erie R. R. Co., supra. But in that case the court expressly point out that there was nothing in the deed which required the grantor to erect any fence.

I advise affirmance of the judgment, with costs. All concur.