(54 Misc. Rep. 312.)

### BATEMAN v RUTLAND R. CO.

(Supreme Court, Trial Term, Clinton County. May, 1907.)

1. RAILROADS—INJURIES TO CATTLE—LIABILITIES.

    A railroad company is not liable for injuries to cattle straying on the railway or trespassing on the track over cattle guards, unless the injuries were willfully or recklessly inflicted.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1534–1538, 1412.]

2. SAME.

    Under Acts 1890, p. 1093, c. 565, § 32, relating to liability of railroads for injuries to cattle from which the clause in Acts 1848, p. 236, c. 140, § 42, imposing absolute liability on railroads in such cases, is omitted, they are subject only to the common-law liability for such injuries.

Action by Harley S. Bateman against the Rutland Railroad Company. Verdict for plaintiff. Motion for new trial granted.

William H. Dunn, for plaintiff.
Badger & Cantwell, for defendant.

VAN KIRK, J. This action was tried at the last trial term, and a verdict was returned for the plaintiff in the sum of $340 for losses occasioned to the plaintiff by the defendant in injuring and killing horses and cattle upon its track. The horses and cattle had escaped from the inclosures of the plaintiff, were strays and trespassers, and came upon the defendant's tracks as such strays and trespassers, over the cattle guards. This is a motion to set aside the verdict and for a new trial, upon the ground chiefly that, there being no proof in the case that the plaintiff's animals were willfully or recklessly injured by the defendant and the animals being strays and trespassers, the defendant company could not be held liable for injuries done to them by a passing train.

The position taken by the defendant is justified under the common law. Although the animals had escaped from a well-fenced field belonging to the plaintiff without any carelessness on the part of the plaintiff, when they came as strays from the highway upon the defendant's tracks, they were trespassers, and defendant owed no duty, save not to willfully or recklessly injure the animals. Spinner v. N. Y. C. R. R. Co., 67 N. Y. 156; Munger v. Tonawanda R. R. Co., 4 N. Y. 349, 53 Am. Dec. 384; Corwin v. N. Y. & E. R. R. Co., 13 N. Y. 46. Unless the common-law liability has been changed by

the statute, then the defendant should prevail upon this motion. In 1848 an act was passed as follows:

"Such corporation shall erect and maintain fences on the sides of their road, of the height and strength of a division fence as required by law, with openings and gates therein, and farm crossings of the road for the use of the proprietors of lands adjoining such railroad, and also construct and maintain cattle guards at all road crossings suitable and sufficient to prevent cattle and animals from getting on to the railroad. Until such fences and cattle guards shall be duly made, the corporation and its agents shall be liable for all damages which shall be done by their agents or engines, to cattle, horses, or other animals thereon, and after such fences and guards shall be duly made the corporation shall not be liable for any such damages, unless negligently or willfully done." Laws 1848, p. 236, c. 140, § 42.

The purpose of this act was twofold—it was intended to protect against injuries to domestic animals, also to protect against loss of human lives and limbs by reason of trains being derailed by animals upon the track. A cow or a horse upon a track could readily derail a train. Corwin v. N. Y. & E. R. R. Co., 13 N. Y. 47, 48.

This provision of the statute not only contains the requirement that fences and cattle guards suitable and sufficient to prevent horses, cows, sheep, and hogs from going on the railroad track should be built, but also contains the clause, called an absolute liability clause, providing that, until such fences and guards shall be built, the railroad company shall be liable for all animals injured by its agents or engines upon the track. This provision remained in the statutes in practically the same form until the act of 1890, when the absolute liability clause was changed by striking out the liability for failure to provide and maintain the cattle guard, and, retaining the absolute liability clause for failure to provide and maintain the fences; so that, under the statute at the time this action was begun, the railroad company was required to provide and maintain cattle guards suitable and sufficient to prevent animals from going upon the track, but there was no absolute liability clause fixing the liability for failure to provide such cattle guards. There was an evident intent to make some change in the liability.

It is urged by the plaintiff that the requirement that cattle guards shall be provided and maintained fixes the same liability as though the absolute liability clause had been retained in the statute. Any other view would render the statute wholly nugatory and forceless, the plaintiff says. He takes this position upon the claim that the sole purpose of the statute was to protect animals from injuries. As above stated, the protection of the animals was the less important purpose of the statute. Protection to human life and limb was the more important purpose.

A reason is readily noticed why the absolute liability clause should be removed in connection with the cattle guards, while it is not removed in connection with the fences. The statute provides the kind of a fence which shall be sufficient. It does not provide the kind of cattle guard which shall be sufficient, and apparently it would be very difficult to name the kind of cattle guard that should be sufficient to prevent cattle, horses, sheep, and hogs from going upon a railroad track. A cattle guard cannot be a fence. At the time the first act was passed the cattle guard was a deep, open ditch. 13 N. Y. 54. There was no

covering over this ditch except as the railroad ties with the rails upon them extended across it, and over such an opening cattle would hesitate to go. But this kind of a guard was dangerous to human life, because a cow or a horse was liable to step between the ties and be caught, thus occasioning danger of derailing a train. A cattle guard can extend but little above the top of the rails, because the train must pass over it. The cattle guard being used in the case at bar was made of strips of wood about six feet long which were laid parallel to the rails and between the rails and outside of each of them. These strips were triangular in shape. The bases were placed close together, the tops of the strips thus being sharp and these sharp edges being two or three inches apart. There was no proof in the case that there was a more efficient cattle guard than this. If these strips of wood were placed a little distance apart, the feet of hogs or sheep would pass through and perhaps catch animals in the guard, thus putting an obstruction upon the track. Since, then, it appears to be very difficult to provide a cattle guard which would be effective to restrain animals from passing over it, there is a reason why the absolute liability clause should be removed, if at the same time the liability for injuries to life and limb remained.

In Donnegan v. Erhardt, 119 N. Y. 468, 23 N. E. 1051, 7 L. R. A. 527, this matter was directly passed upon. In that case a brakeman in the employ of the defendant company was injured when the train on which he was injured was wrecked by collision with a horse upon the railroad track. In that case the defendant urged that at common law and independently of the statute the railroad company would not have been liable for the accident which happened to the plaintiff, and that the statute specified the extent of the liability imposed upon a railroad corporation for its omission to build and maintain fences. (This case was decided in 1890, and arose before the amendment of 1890, which omitted the absolute liability clause as to animals passing over cattle guards.) The Court of Appeals said:

"Whatever the rule would be independently of the statute, there is no reasonable doubt that it imposes the absolute duty upon a railroad company to fence its tracks. That duty, it is reasonable to suppose, was imposed not only to protect the lives of animals, but also to protect human beings upon railroad trains. It is made an unqualified duty, and for a violation thereof, causing injury, the railroad company incurs responsibility. The sole consequence of an omission of the statutory duty is not specified, and was not intended to be specified in the statute. Responsibility for injuries to animals was specifically imposed, because in most cases there would, independently of the statute, have been no such responsibility, as at common law the owner of animals was bound to restrain them; and if they trespassed upon a railroad there was no liability for their destruction, unless it was willfully or intentionally caused."

Therefore, even though the absolute liability clause as to animals is omitted in the amendment of 1890, in connection with the requirements as to cattle guards, still the liability remains as to injuries caused to employés or passengers. This latter case seems to hold that, without the absolute liability clause, a liability other than at common law does not exist under the statute for injuries to trespassing animals entering over the cattle guards.

In Purdy v. N. Y. C. & H. R. R. Co., 61 N. Y. 353, the defendant company was held liable for injuries to cattle arising because of defective fences under the absolute liability clause. In that case the New York & New Haven Railroad Company, foreign corporation, had extended its line through Westchester county under the authority of a special act in which the defendant company was required to erect and maintain fences upon the sides of its road. The court says:

"With this requirement and under this act alone the defendants would probably not have been liable for killing the cattle, as they were not lawfully upon the adjoining close and were trespassing upon their road." (Page 355.)

But the court holds that the requirement in the general law above referred to in this brief applied to a foreign corporation, and that the defendant company was liable because of the statute imposing the absolute liability for injuries to cattle which have come upon its tracks and through defective fences.

I have examined the authorities cited by both the plaintiff and the defendant and such other authorities as I have been able to find, and I am persuaded that, without the absolute liability clause in connection with the failure to provide cattle guards, and giving some meaning to the amendment of the statute and the omission of that absolute liability clause, the liability for injuries to animals which have come upon the railroad track over cattle guards, when the animals were strays upon the highway or trespassers upon an adjoining close, is the common-law liability; that the statute, as it at present stands, does not change that liability for injuries to animals; and, there being no proof in the case that these animals were willfully or recklessly injured by the defendant, that the motion must be granted.

Motion granted.