### BATEMAN v. RUTLAND R. CO.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. RAILROADS—INJURIES TO CATTLE—LIABILITY.

    At common law a railroad company is not liable for injuries to cattle straying on the railway unless the injuries occurred through the company's reckless, wanton, or malicious acts.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 1393.]

2. SAME—DEFECTIVE CATTLE·GUARDS.

    Railroad Law, Laws 1892, p. 1390, c. 676, § 32, requiring railroad companies to fence their track and maintain sufficient cattle guards, and providing that, "so long as such fences are not made or are not in good repair," a railroad company shall be liable for injuries to domestic animals on the track, a re-enactment of Laws 1854, p. 611, c. 282, § 8, with the exception that the latter act contained in the quoted phrase after the word "fences" the words "and cattle guards," does not change the common-law liability of a railroad company for injuries to cattle straying on its track through defective cattle·guards.

Appeal from Trial Term, Clinton County.

Action by Harley S. Bateman against the Rutland Railroad Company. From an order (54 Misc. Rep. 312, 105 N. Y. Supp. 970) setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Wilmer·H. Dunn, for plaintiff.

Badger & Cantwell (John P. Badger, of counsel), for respondent.

JOHN M. KELLOGG, J. The plaintiff's colts and cattle were estrays upon the highway, and entered upon the defendant's track over an alleged defective cattle guard, and were injured by a passing train, and the plaintiff had a·verdict for the damages thus sustained, which verdict was set aside by the trial judge.

At the common law, where estrays upon the highway go upon the railroad land and are injured, the company is not responsible for their injury unless it occurred through its reckless, wanton, or malicious acts. Tonawanda R. R. Co. v. Munger, 5 Denio, 255, 49 Am. Dec. 239; Boyle v. New York, Lake Erie & Western R. R. Co., 115 N. Y. 636, 21 N. E. 724; Id., 39 Hun, 171. Section 8, c. 282, p. 611, Laws 1854, required railroad companies to fence their track and maintain sufficient cattle guards, and provided that:

"So long as such fences and cattle guards shall not be made, and when not in good repair, such railroad corporation and its agents shall be liable for the damages which shall be done by the agents or engines of any such corporation to any cattle, horses, sheep or hogs thereon, and when such fences and guards shall have been duly made and shall be kept in good repair, such railroad corporation shall not be liable for any such damages unless negligently or wilfully done."

It is evident that this statute changed the common-law rule, and made the company liable for an injury by its agents or engines to estrays from the highway over defective cattle guards. The duty to maintain the cattle guards is absolute, and the law provided the

liability for the damages, and it was therefore immaterial whether the cattle were trespassers upon the defendant's track or not. Section 32 of the railroad law, as amended by chapter 676, p. 1390, Laws 1892, is a practical re-enactment of the provision above cited, and, while it requires the maintenance of proper cattle guards, has omitted from the provisions above quoted the words "cattle guards," so that the statute is silent as to whether the company is or is not liable for an injury done to cattle passing over defective cattle guards. The appellant claims that the change in the statute has not changed the law, and that the company is still liable. The respondent contends that the amended statute leaves the liability of the parties as it existed at common law. In Knight v. N. Y., L. E. & W. R. R. Co., 99 N. Y. 25, 1 N. E. 108, the plaintiff's colt went from the highway upon adjoining lands not belonging to the plaintiff, and from thence through the defective fence upon the railroad track, and was injured by falling through a bridge designed only for the passage of trains, and it was held under the law of 1854, above referred to, that the defendant was not liable, the colt being a trespasser upon its property and the statute only providing liability where the injury was committed by the engine or agents of the defendant, and did not cover any other injury received upon the defendant's premises, and the rights of the parties were therefore to be determined according to the common law, and plaintiff could not recover, as it was his duty to restrain his domestic animals.

In Donnegan v. Erhardt, 119 N. Y. 468, 23 N. E. 1051, 7 L. R. A. 527, the plaintiff in 1887, while in the defendant's employ as brakeman, was injured by his train coming in collision in the nighttime with a horse upon the railroad track, the horse having come upon the track through a fence negligently maintained by the railroad company, and it was held the duty to maintain the fence was absolute, and that while the statute provided that, if the fence was not maintained, the company should be liable to the owner of domestic animals for the injuries received, it did not exempt the defendant from liability on account of its breach of duty to maintain a proper fence, the duty to maintain the fence being absolute, and the plaintiff having suffered injury on account of its nonperformance of that duty; the court saying at page 474 of 119 N. Y., page 1051 of 23 N. E., 7 L. R. A. 527:

"The sole consequence of an omission of the statutory duty is not specified, and was not intended to be specified in the statute. Responsibility for injuries to animals was specially imposed, because in most cases there would, independently of the statute, have been no such responsibility as at common law the owner of animals was bound to restrain them, and, if they trespassed upon a railroad, there was no liability for their destruction, unless it was willfully or intentionally caused."

In Purdy v. N. Y. & New Haven R. R. Co., 61 N. Y. 353, the special statute authorizing a foreign corporation to construct its tracks in Westchester county required it to erect and maintain fences upon the side of its road, and it was held liable for injuries to cattle arising from defective fences; the court saying at page 355:

"With this requirement and under this act alone the defendants would probably not have been liable for killing the cattle, as they were not lawfully upon the adjoining close, and were trespassers upon the road."

But the court held that the general statute of 1854 applied, and permitted a recovery for an injury to cattle, although the cattle were trespassers.

I think these cases are controlling and indicate that by the change in the statute the common-law rule was intended to apply in case of defective cattle guards, and that a distinction, therefore, exists with regard to the liability on account of defective cattle guards and defective fences. I think, therefore, the verdict was properly set aside. The order should therefore be affirmed, with costs to the respondent.