(86 Misc. Rep. 272)

### SHEPARD v. PENNSYLVANIA R. CO.

(Supreme Court, Trial Term, Livingston County. June 27, 1914.)

RAILROADS (§ 411*)—INJURIES TO STOCK—DUTY TO FENCE.

The duty of a railroad company to fence its right of way, prescribed by Railroad Law (Consol. Laws 1910, c. 49) § 52, is an absolute duty; and hence a covenant between a railroad company and the adjoining owner, relieving the railroad company from fencing its right of way, while a defense as to an action by the adjoining owner for injuries to his stock is not a defense to an action by a third person, not a party to the agreement, whose stock strayed onto the right of way through the land of the adjoining owner.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1409–1450; Dec. Dig. § 411.*]

Action by Frank Shepard against the Pennsylvania Railroad Company. There was a judgment for plaintiff, and defendant moved for new trial. Motion denied.

---

Frank K. Cook, of Geneseo, for plaintiff.
Frank Rumsey, of Buffalo, for defendant.

CLARK, J. Plaintiff's horses strayed from a pasture where they were kept by the owner, proceeded along the public highway onto the farm of the Wadsworth estate in Livingston county, and from a field on that farm they went onto the right of way of defendant, where one was killed and another injured by one of its trains.

Defendant did not have its right of way fenced, and sought to excuse that fact by endeavoring to prove a verbal agreement made with Mr. Wadsworth (now deceased), whereby it was claimed the railroad company was not required to build such fence. That evidence was excluded, for the reason that, while such an agreement would be a perfect defense as against any claim made by Mr. Wadsworth, or his successors in title, for damages to any of their stock which might stray on the railroad right of way and be killed by its trains, that agreement could not affect a claim by an outside party who had suffered damages and who was ignorant of any such agreement.

The duty of the railroad company to fence its right of way is a statutory one. Railroad Law, § 52. Any covenant or agreement made with an adjoining owner would be a defense as to him, but not to third persons not claiming under him. Corwin v. N. Y. & E. R. R. Co., 13 N. Y. 42; Satterly v. Erie R. R. Co., 113 App. Div. 462, 99 N. Y. Supp. 309. While at common law a railroad company is not liable for injuries to estrays passing upon its lands, unless caused by its malicious acts, I think the statute requiring right of way fences is an absolute one. Bateman v. Rutland R. Co., 126 App. Div. 511, 110 N. Y. Supp. 506.

Any agreement with an adjoining owner to the effect that such fences might be omitted, while being a good defense in an action brought by an adjoining owner, or his successor in title, for damages to live stock injured by the railroad company, where such stock had strayed upon its right of way from an adjoining field, would not be effectual as against a third party, whose stock had been killed under the circumstances as established in the case at bar, and who was in ignorance of the agreement sought to be proved in this action. Corwin v. N. Y. & E. R. Co., supra, followed in Jimerson v. Erie R. Co., 203 N. Y. 518, at page 521, 97 N. E. 48, 37 L. R. A. (N. S.) 1181.

Motion for a new trial must be denied. Ordered accordingly.