Oscar Levy, Respondent, *v.* Schnurmacher Construction Corporation, Appellant.

(Submitted October 24, 1930; decided November 19, 1930.)

*John F. Gleason* for appellant. The covenant is entirely personal and does not run with the land nor bind subsequent grantees. (*Guaranty Trust Co.* v. *New York & Queens Co. Ry. Co.*, 253 N. Y. 190; *Bristol* v. *Woodward*, 251 N. Y. 275; *Riverview Manor Assn.* v. *Bruckner*, 223 N. Y. 526; *Miller* v. *Clary*, 210 N. Y. 127; *Greenfarb* v. *R. S. K. Realty Co.*, 229 App. Div. 250; *Rochelle Park Assn.* v. *Ensinger*, 138 App. Div. 81; *Sheehan* v. *Spring Valley Wood Pro. Co.*, 194 App. Div. 119.) The language of the covenant excludes the lot in suit from its operation. (*Uihlein* v. *Matthews*, 172 N. Y. 154; Real Prop. Law, §§ 240, 242; *Parsons* v. *Johnson*, 68 N. Y. 69; *Paine* v. *Chandler*, 134 N. Y. 385; *Staples* v. *Cornwall*, 114 App. Div. 596; 190 N. Y. 506; *Franklin* v. *Brown*, 118 N. Y. 110; *Ryan* v. *Pistone*, 89 Hun, 78; 157 N. Y. 705; *Cox* v. *James*, 45 N. Y. 557; *King* v. *Hudson River Realty Co.*, 210 N. Y. 470; *Webb* v. *Russell*, 3 F. R. 393; *Spencer's Case*, 5 Coke, 16; *Miller* v. *Clary*, 210 N. Y. 127; *Thayer* v. *Finton*, 108 N. Y. 394; *City of Springfield* v. *Green*, 120 Ill. 269; *Holt* v. *City of Somerville*, 127 Mass. 408; *Kneebs* v. *Sioux City*, 137 N. W. Rep. 944; *Kane* v. *N. Y. C. R. R. Co.*, 125 N. Y. 164.)

*Douglass Newman* and *Charles C. Weinstein* for respondent. The covenant touches or concerns the land and constitutes a charge or burden thereon. (*Booth* v. *Knipe*, 225 N. Y. 390; *Lawrence Park Realty Co.* v. *Crichton*, 218 App. Div. 374; *Morehouse* v. *Woodruff*, 218 N. Y. 494; *Guaranty Trust Co.* v. *N. Y. & Q. C. Ry. Co.*, 253 N. Y. 204; *Denman* v. *Prince*, 40 Barb. 213; *Van Rensselaer* v. *Hays*, 19 N. Y. 68; *Trustees of Columbia College* v. *Lynch*, 70 N. Y. 440.) The covenant applies to the land sought to be conveyed. (*Morehouse* v. *Woodruff*, 218 N. Y. 494.) The title to the real property was not good. (*Greenblatt* v. *Hermann*, 144 N. Y. 13.)

CARDOZO, Ch. J. Plaintiff, the vendee under a contract for the sale of real estate, brings this action against the vendor to recover the down payment and expenses, and to charge them on the land. The defendant counterclaims for specific performance. By the judgment of the trial court, the title is declared to be unmarketable. It is said that a covenant running with the land attaches to the ownership a continuing obligation to keep a driveway in repair. The Appellate Division has affirmed by a divided court.

In November, 1908, the Gem Realty Company, being then the owner of a tract of land at Far Rockaway, Queens county, filed a map in the office of the County Clerk which exhibited the land divided into lots. The tract, which was triangular in shape, was bisected by a driveway. Of the twelve lots into which the land was divided, some abutted on this driveway, either in the front or in the rear. Others did not touch it. The owner sold the lots by reference to the numbers on the map, and inserted in the deeds after the description by lot numbers and metes and bounds a grant of an easement and a covenant in the following form: " Together with the right and privilege in common with other owners of lands abutting on the driveway shown on said map and hereinbefore referred to to use said driveway as and for a driveway and carriageway only, which right and privilege however is and shall be subject to the regulations and agreements that may be made by all the owners of lands abutting on the said driveway with respect to the use of the same and is and shall be subject also to the right of all of such abutting owners at their own several cost and expense to lay and maintain sewers and make sewer connections in said driveway provided that such owner shall restore said driveway to its then condition, it being however understood and agreed that the party of the second part hereto, his heirs and assigns shall join with all other of such abutting owners in maintaining

and keeping the said driveway in repair and that this covenant with respect to the repair of said driveway shall be inserted in all deeds that may hereafter be delivered by the party of the first part granting and conveying any of the plots of land shown on said map and abutting on said driveway and giving the grantees the right and privileges in said driveway hereinbefore mentioned."

A like covenant to maintain the driveway and keep it in repair was inserted thereafter in conveyances of abutting lots and in particular in conveyances of abutting lot No. 2. This lot as laid out on the map is 100 feet wide and 180 feet deep, the rear abutting on the driveway and the front on Broadway. The first break in the continuity of the covenants came in 1925, when Berlin, the owner of lot No. 2, carved out of the lot a section which he conveyed to the defendant. The section so conveyed is 80 feet wide by 100 feet deep, with a frontage on Broadway. No part of it abuts upon the driveway or has any contact or means of contact therewith. This plot, separated from the driveway by a space of 80 feet, is the subject of the suit at bar.

· We assume in favor of the plaintiff that a covenant to repair may be made by apt words to attach itself to the land with the result that the burden of compliance will be charged upon successive owners. Such a covenant is a recognized exception to the general rule that covenants running with the land do not bind to the performance of affirmative acts (*Miller* v. *Clary*, 210 N. Y. 127; *Morehouse* v. *Woodruff*, 218 N. Y. 494, 501; *Guaranty Trust Co.* v. *New York & Queens County Ry. Co.*, 253 N. Y. 190, 204). The trouble with the plaintiff's case is that apt words are lacking in the covenant in suit. By unequivocal restriction the duty to repair is limited to those owners whose lots abut upon the driveway. The land now owned by the defendant and contracted to be purchased by the plaintiff is not such a lot. The driveway does not

serve it and is not capable of serving it. We see no adequate reason in such circumstances for laying upon ownership the burden of the cost of maintenance. The covenant does not mean that the burden shall survive the benefit.

The argument is made that the cost of repair is a charge upon the land to be conveyed, because the land is part of a lot which did abut upon the driveway when form and dimensions were as mapped in the beginning. The burden of maintenance is cast, we are told, upon every foot of the lot abutting at that time, though later sub-divisions have brought about the result that part of it abuts no longer. Such a construction puts too great a strain upon the language of the covenant. The class of abutting owners was not determined immutably upon the filing of the map. It was to be subject to variation according to the physical conditions existing from time to time at the delivery of the deeds. The covenant does not say that the form or size of lots shall remain unchanged in perpetuity. On the contrary, it calls for a repetition of its terms in those deeds of later date that convey an easement in the driveway and not in any others. The fact is significant that in the deed from Berlin to the defendant which conveyed for the first time a section of a lot without connection with the driveway, the covenant was omitted. Burden and benefit were understood to be coextensive and reciprocal. There is no duty running with the land to maintain a right of way where an interest in the way is not appurtenant to the enjoyment of the land (*Morehouse* v. *Woodruff*, *supra*; *Allen* v. *Culver*, 3 Den. 284, 297).

The judgment of the Appellate Division and that of the Special Term should be reversed, and judgment on the counterclaim directed in favor of the defendant, with costs in all courts.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.